**Mark RICHARDS, Petitioner-appellant,**

**v.**

**John ASHCROFT, Respondent-appellee.**

**Docket No. 03–2503.**

United States Court of Appeals,
Second Circuit.

Argued: Oct. 22, 2004.

Decided: March 3, 2005.

Roberto Tschudin Lucheme, Glastonbury, CT, for petitioner-appellant.

Patrick F. Caruso, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, Jeffrey A. Meyer, Assistant United States Attorney, on the brief), Hartford, CT, for respondent-appellee.

Before: JACOBS, SOTOMAYOR and HALL, Circuit Judges.

SOTOMAYOR, Circuit Judge:

Petitioner Mark Richards ("Richards") appeals from a judgment of the United States District Court for the District of Connecticut (Hall, J.), entered on July 23, 2003, denying his petition pursuant to 28 U.S.C. § 2241 to vacate an order of removal. Richards asserts that he is entitled to § 2241 relief because an Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") erroneously concluded that he had been convicted of an "aggravated felony," specifically, "an offense relating to . . . forgery," 8 U.S.C. § 1101(a)(43)(R). Richards argues that his 2001 conviction for second-degree forgery under Connecticut General Statute § 53a–139 did not constitute "an offense relating to . . . forgery" because the Connecticut statute criminalizes mere possession of a forged document. We conclude that possession of a forged document with intent to defraud, deceive or injure is "an offense relating to . . . forgery" within the meaning of § 1101(a)(43)(R), and affirm the judgment of the district court.

## BACKGROUND

Richards, a citizen of Jamaica, entered the United States on March 13, 1981. On April 2, 2001, Richards was issued a notice of removal proceedings charging him with removability based on a 1995 conviction under Connecticut law for third-degree assault, which the INS alleged constituted an aggravated felony as defined by subpara-

graph (F) of the aggravated felony definition of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43). On April 26, 2001, Richards was convicted in Connecticut Superior Court of second-degree forgery under Connecticut General Statute § 53a–139 and sentenced to two years imprisonment. The INS subsequently amended the charge of removability to include the forgery conviction as an additional aggravated felony under subparagraph (R) of § 1101(a)(43).

On January 9, 2003, IJ Michael W. Straus determined that both the assault and the forgery conviction were removable offenses. The IJ found, in relevant part, that second degree forgery under Connecticut General Statute § 53a–139 is an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(R). On April 10, 2003, the BIA dismissed Richards' appeal, finding, without further elaboration, that the IJ "correctly concluded that the respondent is removable as an alien convicted of an aggravated felony" based on both of his convictions. Richards filed a habeas petition in the United States District Court for the District of Connecticut on May 2, 2003, asserting in relevant part that the forgery conviction was not an aggravated felony.[1] That petition was denied on July 22, 2003. This appeal timely followed.

## DISCUSSION

### I. Jurisdiction and standard of review

The district court had subject matter jurisdiction over Richards' habeas petition

under 28 U.S.C. § 2241.[2] This Court has appellate jurisdiction over the denial of that petition pursuant to 28 U.S.C. §§ 1291 and 2253(a).

■ On appeal from a denial of a habeas corpus petition, we review the petition de novo. Evangelista v. Ashcroft, 359 F.3d 145, 150 (2d Cir.2004). To the extent that this review involves interpretation of the INA, "we accord considerable deference to the BIA's interpretation of ambiguous provisions" of the statute. Kamagate v. Ashcroft, 385 F.3d 144, 151 (2d Cir. 2004). In contrast, we do not defer to the BIA's interpretation of state law or of federal criminal laws, which the BIA does not administer. See Brissett v. Ashcroft, 363 F.3d 130, 133 (2d Cir.2004); Evangelista, 359 F.3d at 150. Thus, to the extent a determination of whether a given criminal conviction falls within the INA's definition of "aggravated felony" turns on the meaning of state or federal criminal law, we review the BIA's determination de novo. See Kamagate, 385 F.3d at 151; Sui v. INS, 250 F.3d 105, 112–13 (2d Cir. 2001).

### II. Connecticut second-degree forgery is an "offense relating to . . . forgery" under the INA

■ Section 237 of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), authorizes the removal of aliens who have committed an "aggravated felony," as defined at 8 U.S.C.

---

**1.** Richards also contested the BIA's determination that he was removable for the assault conviction. The government conceded that the assault conviction no longer constituted a ground for removal under this Court's opinion in Chrzanoski v. Ashcroft, 327 F.3d 188, 197 (2d Cir.2003). Thus, the district court focused exclusively on whether Richards was subject to removal for the forgery conviction. That is the only issue presented in this appeal.

**2.** Although federal courts lack jurisdiction directly to review final removal orders entered on the basis of conviction for an aggravated felony, they retain jurisdiction under § 2241 to review whether an alien has, as a matter of law, committed such an aggravated felony. Kamagate v. Ashcroft, 385 F.3d 144, 149 (2d Cir.2004); Kuhali v. Reno, 266 F.3d 93, 99 (2d Cir.2001); see 8 U.S.C. § 1252(a)(2)(C).

§ 1101(a)(43). Subparagraph (R) of § 1101(a)(43) includes any "offense relating to ... forgery ... for which the term of imprisonment is at least one year." In determining whether a given state conviction constitutes an aggravated felony under the INA, we do not look to the facts surrounding the particular conviction, but rather take a "categorical approach," examining the generic elements of the offense of conviction to determine whether it is "any broader than an offense defined as an 'aggravated felony' under federal law." *Gousse v. Ashcroft*, 339 F.3d 91, 95–96 (2d Cir.2003) (some internal quotation marks omitted); *see also Jobson v. Ashcroft*, 326 F.3d 367, 371–72 (2d Cir.2003). If the criminal statute punishes conduct that falls outside the INA's definition, then the crime does not constitute an aggravated felony. *Gousse*, 339 F.3d at 96. Applying this categorical approach, Richards argues that Connecticut General Statute § 53a–139 is broader than the federal definition of "forgery" because it penalizes the mere possession, as opposed to the making or uttering, of a forged instrument.

■ Section 53a–139 provides, in relevant part, that "[a] person is guilty of forgery in the second degree when, with intent to defraud, deceive, or injure another, he falsely makes, completes or alters a [specified] written instrument or issues or possesses any [such] written instrument which he knows to be forged." Conn. Gen.Stat. § 53a–139. The fact that Connecticut punishes a given act under the rubric of "forgery" is not dispositive of whether a conviction under that statute is "an offense relating to ... forgery" under the federal definition; absent clear evidence to the contrary, we presume that Congress did not intend the meaning of

the INA to hinge on state law. *See Sui,* 250 F.3d at 114 (citing *Drakes v. Zimski,* 240 F.3d 246, 248 (3d Cir.2001)) (holding that "[t]he language of [the INA] must be construed to have the meaning intended by Congress, not the [state] legislature"). There is no readily available federal definition of "forgery" or an offense "relating to ... forgery," however. The terms are not defined at § 1101(a)(43)(R) or elsewhere in the INA; so far as we are aware, the BIA has not settled on a general interpretation of either of these terms as employed at § 1101(a)(43).[3] Nor, as the Third Circuit observed in *Drakes*, has Congress defined the term "forgery" in any of the numerous criminal statutes in which the term appears. *See Drakes,* 240 F.3d at 249 (reviewing federal statutes addressing forgery).

■ In general, when a federal statute uses, but does not define, a term of art that carries an established common law meaning, we will give that term its common law definition (unless, again, Congress has clearly evinced intent to the contrary). *Moskal v. United States,* 498 U.S. 103, 114, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990); *Gilbert v. United States,* 370 U.S. 650, 655, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962); *see, e.g., Drakes,* 240 F.3d at 249 (examining common law definition of forgery for the purpose of determining whether Delaware statute constituted "an offense relating to ... forgery" under § 1101(a)(43)(R)). The sparse case law discussing the scope of forgery at common law tends to support Richards' contention that forgery itself requires a "false making." *Gilbert,* 370 U.S. at 656, 82 S.Ct. 1399 (internal quotation and citation omitted); *see also United States v. McGovern,* 661 F.2d 27, 29 (3d Cir.1981) ("Common law forgery has three

---

**3.** In both the instant case and in *In re Aldabesheh,* 22 I. & N. Dec. 983, 987 (1999), the BIA determined that a given state offense met the definition of an "offense relating to ... forgery" without elaborating in any way on the meaning of that term.

elements: (a) The false making or material alteration (b) with intent to defraud (c) of a writing which, if genuine, might be of legal efficacy."); *United States v. Maybury,* 274 F.2d 899, 903 (2d Cir.1960) (noting that "an essential element of the crime of forgery is making the false writing"); *accord* 36 Am.Jur.2d *Forgery* § 1 (2001) (defining forgery as "the fraudulent making or alteration of a writing to the prejudice of another's rights"); 37 C.J.S. *Forgery* § 2 (1997) (defining forgery as the "false making or materially altering ... of any writing"). In addition, the Model Penal Code, to which we have also referred for definitions of terms that the INA does not define, *see Sui,* 250 F.3d at 115, does not define "forgery" to include possessory offenses. Model Penal Code § 224.1 (1980).

Thus, if subparagraph (R) defined "aggravated felony" to include only "forgery" offenses, Richards' argument would present a close question. But the aggravated felony definition encompasses "offense[s] relating to ... forgery." 8 U.S.C. § 1101(a)(43)(R). In *Kamagate v. Ashcroft,* decided subsequent to the district court's decision and the briefing of this appeal, we considered whether conviction under a federal counterfeiting statute for possession of counterfeit securities was "an offense relating to counterfeiting" under subparagraph (R). 385 F.3d at 153–56. In holding that § 1101(a)(43)(R) encompassed the possessory crime, we rejected a narrow interpretation of the term "relating to" under which it would reach only crimes involving counterfeiting itself. *Id.* In particular, we relied on the Supreme Court's analysis of the term "relating to" in *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), in which the Court observed that Black's Law Dictionary defines the words expansively: " 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association

with or connection with.' " *Kamagate,* 385 F.3d at 154 (quoting *Morales,* 504 U.S. at 383, 112 S.Ct. 2031 (quoting Black's Law Dictionary 1158 (5th ed.1979)) (further internal quotation marks omitted)). We also looked to the BIA's interpretation of the phrase "relating to a controlled substance" in the predecessor statute to 8 U.S.C. § 1227(a)(2)(B)(I). *Id.* (citing *In re Beltran,* 20 I. & N. Dec. 521, 525–26 (BIA 1992) ("[T]he phrase 'relating to' ... has long been construed to have broad coverage.... Congress intended to give inclusive meaning in the immigration laws to the phrase 'relating to.' ")). Finally, we indicated our agreement with the Ninth Circuit's conclusion in *Albillo–Figueroa v. INS,* 221 F.3d 1070, 1073 (9th Cir.2000), that the inclusion of the term "relating to" in subsection (R) " 'necessarily' signaled Congress's intent to cover 'a range of activities beyond those of counterfeiting or forgery itself,' " including those activities made illegal in order to discourage counterfeiting or forgery " 'through the criminalization of the use of [their] end product[s].' " *Kamagate,* 385 F.3d at 155 (quoting *Albillo–Figueroa,* 221 F.3d at 1073).

The analysis in *Kamagate* controls the result here: Criminalization of possession of forged instruments with the intent to deceive, defraud or injure, like possession of counterfeit instruments with similar intent, discourages the underlying crime. *Cf.* 18 U.S.C. §§ 477, 480 (criminalizing possession of specified forged instruments); Cal.Penal Code § 475 (same); Del.Code Ann. tit. 11, § 861 (same); Idaho Code § 18–3603 (same); Me.Rev.Stat. Ann. tit. 17–A § 703 (same). Even if possession of a forged instrument with intent to defraud, deceive or injure is not "forgery" as defined at common law, it is unarguably an offense "relating to" forgery within the broad construction we

have given that term.[4] *See Kamagate*, 385 F.3d at 154–56; *see also Drakes*, 240 F.3d at 250 (reaching the same conclusion with respect to a materially identical Delaware statute). We therefore hold that Connecticut General Statute § 53a–139 punishes only conduct that is covered by 8 U.S.C. § 1101(a)(43)(R), and that a conviction under this statute for which a sentence of one year or more is imposed constitutes an aggravated felony.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

4. As the district court correctly found, Richards' contention that conviction under § 53a–139 requires only knowing possession of forged instruments is a patent misreading of the statute. The phrase "with intent to defraud, deceive or injure" in § 53a–139 modifies both the "make[ ], complete[ ] or alter[ ]" clause and the "possess[ ]" clause. *See State v. DeCaro*, 252 Conn. 229, 745 A.2d 800, 811 (2000) (noting that "[a] defendant may be found guilty of forgery in the second degree ... if the state establishes that the defendant, with intent to deceive another, falsely made, *possessed* or altered a written instrument that he knew to be forged" (emphasis added)); *State v. Henderson*, 47 Conn.App. 542, 706 A.2d 480 (1998) (squarely so holding); *cf. State v. Brown*, 235 Conn. 502, 668 A.2d 1288 (1995) (so holding with respect to materially identical third-degree forgery statute). We express no view on the considerably more difficult question of whether a statute that punished mere knowing possession of a forged instrument would be an offense "relating to ... forgery."