**Andrew B. CAESAR, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General of the United States, Respondent.**

No. 04–4566–ag.

United States Court of Appeals, Second Circuit.

May 26, 2006.

---

\* U.S. Attorney General Alberto R. Gonzales is substituted as Respondent. *See* Fed. R.App. P. 43(c)(2).

Stanley A. Cohen, Cohen & Tucker, New York, NY, for Petitioner.

Kathy S. Marks, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York, (Lisa G. Johnston, Assistant United States Attorney, of counsel, Michael J. Garcia, United States Attorney for the Southern District of New York, of brief) New York, NY, for Respondent.

Present: ROGER J. MINER,
RICHARD C. WESLEY, Circuit Judges, and LAURA TAYLOR SWAIN, District Judge.**

## SUMMARY ORDER

Andrew B. Caesar ("Caesar") appeals the BIA's July 30, 2004 Order affirming the IJ's June 4, 2003 oral decision finding Caesar ineligible for cancellation of removal under the Immigration and Nationality Act ("INA") § 240A(a), 8 U.S.C. § 1229b(a) (2000), and ineligible for relief under former INA § 212(c), 8 U.S.C.

§ 1182(c) (1994).[1] Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

▉ In 1996, Caesar pled guilty to forgery in the second degree in violation of New York Penal Law ("NYPL") § 170.10(1). The IJ and BIA found the conviction to be for an "aggravated felony" as defined in INA § 101(a)(43)(R), 8 U.S.C § 1101(a)(43)(R) and therefore Caesar was ineligible for § 240A(a) relief. Under INA § 240A(a), the Attorney General has the discretion to cancel the removal of an otherwise inadmissable or deportable alien if the alien has, among other things, "not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). "Aggravated felony" is defined, in relevant part, as "an offense relating to ... forgery ... for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(R). Upon our review[2] of the elements of NYPL § 170.10(1), we conclude that Caesar's conviction under § 170.10(1) constitutes an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(R) because the elements of § 170.10(1) demonstrate that New York's forgery in the sec-

** The Honorable Laura Taylor Swain of the United States District Court for the Southern District of New York, sitting by designation.

1. The IJ made the preliminary determination that Caesar is removable pursuant to INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2000), as an alien who has been convicted of a crime involving moral turpitude. Although the parties disagree as to whether Caesar's two prior convictions for forgery in the second degree, New York Penal Law § 170.10(1), are crimes of moral turpitude and thus render Caesar removable, Caesar did not contest his removability under INA § 212(a)(2)(A)(i)(I) before the BIA. Rather, the only issue Caesar raised before the BIA was "whether [he] is entitled to any discretionary relief." **[JA 10]** Therefore, the issue of whether his prior crimes were ones of moral turpitude is not properly before us be-

cause Caesar did not exhaust his administrative remedies as to this issue. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. DOJ*, 433 F.3d 332, 343 (2d Cir.2006).

2. Whether a conviction under NYPL § 170.10(1) constitutes an aggravated felony is a determination we review *de novo. Richards v. Ashcroft*, 400 F.3d 125, 127 (2d Cir. 2005); *Sui v. INS*, 250 F.3d 105, 112 (2d Cir.2001). We will not look at the "facts surrounding the conviction, but rather take a 'categorical approach,' examining the generic elements of the offense of conviction to determine whether it is 'any broader than an offense defined as 'aggravated felony' under federal law.'" *Richards*, 400 F.3d at 128 (quoting *Gousse v. Ashcroft*, 339 F.3d 91, 95–96 (2d Cir.2003)).

ond degree offense is "an offense relating to forgery." The IJ and BIA did not therefore err in finding Caesar statutorily ineligible for cancellation of removal.[3]

■ Caesar also applied for relief under former INA § 212(c), and, as did the IJ and BIA, we find that Caesar is ineligible for relief under this provision. Discretionary relief under former INA § 212(c) was eliminated as a result of the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, § 440(d), 110 Stat. 1214 (April 24, 1996). Caesar pled guilty to forgery in the second degree in June and July, 1996, subsequent to the enactment of the AEDPA and therefore Caesar can find no protection in *INS v. St. Cyr,* 533 U.S. 289, 314–15, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Unlike St. Cyr, who pled guilty *before* the enactment of the AEDPA, Caesar pled guilty to forgery in the second degree *after* the enactment of the AEDPA, and therefore had no reliance or expectation interests in the availability of § 212(c) relief. Accordingly, for the reasons set forth above, Caesar's petition for review of the decision of the BIA is hereby DENIED and the motion to stay deportation is also DENIED.

---

**3.** Caesar asserts that at the time of his conviction an aggravated felony was only a conviction "for which a sentence of 5 years imprisonment may be imposed" and that the 1996 enactment of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. No. 104–208, Div. C., § 304, 110 Stat. 3009–546 (Sept. 30, 1996)—which changed that definition to one year—was impermissibly retroactive. This Court has previously rejected this argument on the ground that Congress clearly

articulated its intent to have the IIRIRA's one-year definition apply retroactively. *Kuhali v. Reno,* 266 F.3d 93, 110–111 (2d Cir.2001).

