# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2462

———————

United States of America,      \*

                         \*

        Appellee,      \*

                         \*   Appeal from the United States

     v.                    \*   District Court for the

                         \*   Southern District of Iowa.

Jorge Luis Chavarria-Brito, also      \*

known as Fabian Rodriguez-Brito,      \*

                         \*

        Appellant.      \*

———————

Submitted: February 11, 2008
Filed: May 29, 2008

———————

Before WOLLMAN, JOHN R. GIBSON, and SHEPHERD, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

Jorge Chavarria-Brito was convicted of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). The district court[1] applied an eight-level sentencing enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(C) because of Chavarria-Brito's prior conviction for an aggravated felony. Chavarria-Brito argues that his prior conviction was not for an aggravated felony and that the district court should have instead applied the four-level enhancement under § 2L1.2(b)(1)(D). We affirm.

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

We review *de novo* a district court's application of an enhancement under the sentencing guidelines. United States v. Abdul-Aziz, 486 F.3d 471, 478 (8th Cir. 2007).

An eight-level enhancement is appropriate when the defendant has a prior conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(C). An aggravated felony is defined to include "an offense relating to . . . forgery." 8 U.S.C. § 1101(a)(43)(R). Therefore, Chavarria-Brito's prior conviction need not be for forgery; the enhancement is appropriate so long as he has a felony conviction that is related to forgery.

Chavarria-Brito was convicted in 2001 of forgery under section 715A.2(1)(d)[2] and (2)(a)(4)[3] of the Iowa Code. His conviction was for possession of forged

[2]The text of this provision is:

1. A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that the person is facilitating a fraud or injury to be perpetrated by anyone, the person does any of the following:
> a. Alters a writing of another without the other's permission.
> b. Makes, completes, executes, authenticates, issues, or transfers a writing so that it purports to be the act of another who did not authorize that act, or so that it purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or so that it purports to be a copy of an original when no such original existed.
> c. Utters a writing which the person knows to be forged in a manner specified in paragraph "a" or "b".
> d. Possesses a writing which the person knows to be forged in a manner specified in paragraph "a" or "b".

[3]The relevant text of this provision is: "2. a. Forgery is a class 'D' felony if the writing is or purports to be any of the following: . . . (4) A document prescribed by

documents required to legally enter, remain, or work in this country, either with the intent to defraud or with the knowledge that the person is facilitating a fraud.

When considering this prior conviction for purposes of reviewing the sentencing enhancement, we consider only the statute and not other evidence of the crime. See Taylor v. United States, 495 U.S. 575, 600 (1990). The elements required for conviction under the Iowa statute are possession of a false document related to the right to enter or remain in the United States with the intent to defraud or with the knowledge of facilitation of a fraud. The mere fact that a state labels a crime as forgery does not control whether his crime is actually related to forgery. See id. at 590-91.

The words "relating to" make it apparent that many crimes that are not specifically listed in 8 U.S.C. § 1101(a)(43)(R) will constitute an aggravated felony as long as they are related to the crimes listed. See Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383-84 (1992); Richards v. Ashcroft, 400 F.3d 125, 129 (2d Cir. 2005). The question before us is whether Chavarria-Brito's conviction is sufficiently related to the false making or material alteration of a document with the intent to deceive. The primary purpose of forging a document is so that someone can possess it and use it to defraud or facilitate the defrauding of another. As noted by the court in Richards, "[P]ossession of a forged instrument with intent to defraud . . . is unarguably an offense 'relating to' forgery." 400 F.3d at 129. Other decisions support this view. See Yong Wong Park v. Atty. Gen. of U.S., 472 F.3d 66, 67-68 & n.3 (3d Cir. 2006) (holding that trafficking in counterfeit goods is an aggravated felony because it is related to the offense of counterfeiting); Kamagate v. Ashcroft, 385 F.3d 144, 147, 154-55 (2d Cir. 2004) (holding that a conspiracy to utter and possess counterfeit securities is an aggravated felony because it is related to the crime of counterfeiting). Accordingly, we hold that Chavarria-Brito's conviction for the

---

statute, rule, or regulation for entry into or as evidence of authorized stay or employment in the United States."

possession of a false document with the intent to perpetrate a fraud or with the knowledge that his possession was facilitating a fraud is related to the false making or material alteration of a document with the intent to deceive for purposes of a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C).

The judgment is affirmed.

_____