FILED
United States Court of Appeals
Tenth Circuit

October 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ABELINA LUCERO-CARRERA,
a/k/a Abelina Lucero, a/k/a
Abdina Lucero, a/k/a Abby Lucero,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 08-9582
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judge.

---

Abelina Lucero-Carrera seeks reversal of a Board of Immigration Appeals'

(BIA) decision finding her ineligible for cancellation of removal as an aggravated

felon.  She claims her state forgery conviction is not an aggravated felony under

8 U.S.C. § 1101(a)(43)(R), and that the immigration judge (IJ) violated her due

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

process rights by misinforming her on the relevant burden of proof.  We deny the petition for review.

## I

Ms. Lucero-Carrera, a native and citizen of Mexico, was admitted into the United States in 1975 as a lawful permanent resident.  In 2003, she was convicted in Colorado state court for possession of methamphetamine, and in 2004, she pleaded guilty to the Colorado crimes of forgery and possession of a forged instrument, Colo. Rev. Stat. §§ 18-5-102(1)(c) and 18-5-105.  Based on her drug conviction, the government initiated removal proceedings under 8 U.S.C. § 1227(a)(2)(B)(i).  Ms. Lucero-Carrera conceded removability but expressed her intent to seek cancellation of removal pursuant to 8 U.S.C. § 1229b(a).  The IJ initially told her she appeared to be eligible for relief, but after learning of her forgery conviction for which she had been sentenced to five years in prison, the IJ advised her that she was not eligible for cancellation of removal because the forgery conviction was an aggravated felony under § 1101(a)(43)(R).  Hence, the IJ pretermitted her application for cancellation of removal and ordered her removed to Mexico.

On appeal to the BIA, Ms. Lucero-Carrera argued that she was eligible for cancellation of removal.  Among other things, she asserted that her forgery conviction was not an aggravated felony under § 1101(a)(43)(R) and that the government failed to prove otherwise.  The BIA rejected both arguments, first

ruling that it was Ms. Lucero-Carrera's burden to show that she was eligible for cancellation of removal. And, after finding that her forgery conviction qualified categorically as an aggravated felony under § 1101(a)(43)(R), the BIA ruled that she failed to meet that burden. Accordingly, the BIA upheld the IJ's decision and dismissed the appeal. In her petition for review, Ms. Lucero-Carrera continues to challenge the IJ's determination that her conviction was an aggravated felony. She also claims that she was denied due process because the IJ misinformed her on the relevant burden of proof to establish eligibility for cancellation of removal.

**II**

We first consider our jurisdiction. *See Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1143 (10th Cir. 2007). Although we lack jurisdiction over discretionary denials of cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i), in this case, the denial of relief turned on the legal determination that the Colorado crime of forgery constitutes an aggravated felony under § 1101(a)(43)(R). This non-discretionary ruling renders the jurisdictional bar of § 1252(a)(2)(B)(i) inapplicable. *Cf. Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148-49 (10th Cir. 2005). Accordingly, we proceed to the merits of the petition.

"We review the BIA's findings of fact under the substantial evidence standard, and its legal determinations *de novo*." *Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1335 (10th Cir. 2008). "Agency findings of fact are conclusive unless . . . any reasonable adjudicator would be compelled to conclude to the

-3-

contrary." *Sarr v. Gonzales*, 474 F.3d 783, 788-90 (10th Cir. 2007) (quotation marks omitted). Where, as here, the BIA issues a decision by a single board member, the BIA's decision constitutes the final order of removal, although "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Id.* at 790.

Ms. Lucero-Carrera first contends that her forgery conviction is not an aggravated felony. She asserts that Colorado's forgery statute criminalizes conduct beyond that contemplated by Congress in § 1101(a)(43)(R), and therefore we must ascertain whether her specific offense falls within the ambit of the federal definition of forgery. She asserts that her conviction for falsely uttering an instrument with intent to defraud, though forgery under Colorado law, is not forgery under federal law for purposes of § 1101(a)(43)(R).

Section 1101(a)(43)(R) defines an aggravated felony to include "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year." The phrase "relating to" has been interpreted expansively to "cover a range of activities beyond those of . . . forgery itself." *Richards v. Ashcroft*, 400 F.3d 125, 129 (2d Cir. 2005) (quotations marks omitted). Indeed, "[t]he words 'relating to' make it apparent that many crimes that are not specifically listed in 8 U.S.C. § 1101(a)(43)(R) will constitute an aggravated felony as long as they are related to the crimes listed." *United States v. Chavarria-Brito*, 526 F.3d 1184, 1186 (8th Cir. 2008). Thus, Ms. Lucero-Carrera's forgery conviction will

-4-

qualify as an aggravated felony under § 1101(a)(43)(R) if it is an offense relating to forgery as Congress intended the term.

Congress did not define "forgery" as used in § 1101(a)(43)(R), but under these circumstances, we may refer to the generic, common-law definition of forgery. *See Drakes v. Zimski*, 240 F.3d 246, 249 (3d Cir. 2001) (reviewing federal statutes involving forgery and referring to common-law definition). We have said that forgery, at common-law, meant "the false making, with the intent to defraud, of a document which is not what it purports to be, as distinct from a document which is genuine but nevertheless contains a term or representation known to be false." *United States v. Hunt*, 456 F.3d 1255, 1260 (10th Cir. 2006); *accord* 36 Am. Jur. 2d *Forgery* § 1 (2009) (defining forgery as "the fraudulent making or alteration of a writing to the prejudice of another's rights"). The Model Penal Code elaborates on this definition, stating that a person commits forgery by falsely uttering an instrument with intent to defraud:

> A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> > (a) alters any writing of another without his authority; or
> >
> > (b) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act . . . or
> >
> > (c) utters any writing which he knows to be forged in a manner specified in paragraphs (a) or (b).

Model Penal Code § 224.1(1) (2001); *see also* 164 A.L.R. 621 (1946)

(recognizing that knowledge of falsity may be presumed from the uttering of a

forged instrument).

Similarly, Colorado law provides that a person is guilty of forgery if, with

intent to defraud, she falsely utters an instrument capable of affecting a legal

right:

> A person commits forgery, if, with intent to defraud, such person
> falsely makes, completes, alters or utters a written instrument which
> is or purports to be, or which is calculated to become or to represent
> if completed . . . [a] . . . check[] or other instrument which does or
> may evidence, create, transfer, terminate, or otherwise affect a legal
> right, interest, obligation, or status.

Colo. Rev. Stat. § 18-5-102(1)(c).  The phrase "falsely makes" means "to make or

draw a written instrument . . . which purports to be an authentic creation of its

ostensible maker, but which is not, either because the ostensible maker is

fictitious or because, if real, he did not authorize the making or the drawing

thereof."  *Id.* § 18-5-101(4).  The word "'[u]tter' means to transfer, pass, or

deliver . . . to another person any written instrument."  *Id.* § 18-5-101(8).

This comparison between the generic definition of forgery and the

elements of Ms. Lucero-Carrera's crime demonstrates that her forgery

conviction is an offense relating to forgery.  Thus, we agree that her conviction

qualifies categorically as an aggravated felony under § 1101(a)(43)(R) and that

she is, therefore, ineligible for cancellation of removal.

-6-

Ms. Lucero-Carrera urges us to follow *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 875-76 (9th Cir. 2008), where the Ninth Circuit found that California's forgery law criminalized conduct beyond the scope of common-law forgery because the statute did not distinguish between "real or fictitious" documents. Unlike California's forgery statute, however, Colorado law contemplates conduct only involving false documents. *People v. Rubanowitz*, 688 P.2d 231, 236-37 (Colo. 1984); *People v. White*, 804 P.2d 247, 248 (Colo. Ct. App. 1990). Indeed, Ms. Lucero-Carrera cites no case, and we have found none, in which a defendant was convicted under Colorado's forgery statute for uttering a genuine document. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (requiring "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime"). Hence, *Vizcarra-Ayala* does not impact our conclusion that Ms. Lucero-Carrera's conviction qualifies categorically as an aggravated felony.[1]

Next, Ms. Lucero-Carrera claims she was denied due process when the IJ misinformed her of her burden of proof. She contends the IJ misled her to believe she could not demonstrate her eligibility for cancellation of removal by challenging the government's classification of her as an aggravated felon. She

---

[1]

Even if we consider Ms. Lucero-Carrera's argument that she did not alter the instrument, the result would be the same because she pleaded guilty to count three of the information, which charged her with "falsely mak[ing], complet[ing], alter[ing], and utter[ing] a written instrument." Admin. R. at 149, 152.

-7-

further contends the BIA compounded the error by ruling that she failed to meet her burden of proof. To the extent Ms. Lucero-Carrera challenges the IJ's decision, this claim was never presented to the BIA. *See* 8 U.S.C. § 1252(d)(1) (requiring aliens to exhaust administrative remedies).[2] Although constitutional challenges are excepted from the exhaustion requirement, this exception does not extend to "administratively correctable procedural defect[s]" that a petitioner later frames as a constitutional claim. *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094-95 (10th Cir. 2008). Ms. Lucero-Carrera's failure to exhaust her claim against the IJ precludes us from reviewing it.

To the extent Ms. Lucero-Carrera challenges the BIA's ascription of the burden of proof, her argument fails. The BIA correctly observed that the burden was on her to show that she was not barred from seeking cancellation of removal. *See* 8 C.F.R. § 1240.8(d). Her contention might have merit if the government had relied on her forgery conviction to establish removability, because that would have required the government to produce clear and convincing evidence establishing her conviction as an aggravated felony. *See Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1130 (10th Cir. 2005) (requiring the government to prove removable offense qualified as an aggravated felony under § 1101(a)(43)). But

---

[2]     Before the BIA, Ms. Lucero-Carrera argued that her conviction was not an aggravated felony, the government failed to meet its burden of proof, and due process requires uniform immigration laws. She never claimed the IJ violated her due process rights by misinforming her on her burden of proof.

instead, the government sought to remove Ms. Lucero-Carrera for her methamphetamine conviction, which she conceded established her removability. Under these circumstances, it was incumbent upon Ms. Lucero-Carrera to show she was eligible for the discretionary grant of cancellation of removal, and the BIA did not err in requiring her to do so. *See Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005).

Accordingly, the petition for review is DENIED. Ms. Lucero-Carrera's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


David M. Ebel
Circuit Judge