FILED
United States Court of Appeals
Tenth Circuit

May 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

OSVALDO PEREZ-PAREDES,

      Petitioner,

v.

ERIC H. HOLDER, JR.,

      Respondent.

No. 13-9593
(Board of Immigration Appeals)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

In the midst of removal proceedings, Osvaldo Perez-Paredes heeded his

attorney's advice to request voluntary departure. The immigration judge (IJ)

granted that request, but Perez-Paredes later had second thoughts. Represented by

new counsel, he filed a motion to reopen the removal proceedings, arguing he had

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

received ineffective assistance from his first attorney.  The IJ denied the motion, and the Board of Immigration Appeals (BIA) upheld that decision.

On appeal, Perez-Paredes argues the IJ and the BIA erred in holding that he had not satisfied his burden to show the alleged ineffective assistance of counsel resulted in prejudice.  Exercising jurisdiction under 8 U.S.C. § 1252, we DENY the petition for review.

## I.  Background

Perez-Paredes is a native of Mexico and has been living in the United States since 1999 without having been admitted or paroled.  In 2011, he was convicted under a Utah anti-piracy statute for possessing illegally recorded intellectual property for commercial gain.  Shortly thereafter, the United States Department of Homeland Security initiated removal proceedings.  Perez-Paredes appeared at three hearings before the IJ and then, on the advice of counsel, elected to request a pre-conclusion voluntary departure.  The IJ granted that request.

But Perez-Paredes later came to regret his decision.  He retained new counsel, who advised him that he might have been eligible for cancellation of removal.  Accordingly, Perez-Paredes filed a motion to reopen the removal proceedings on the grounds that he had received ineffective assistance of counsel when his previous attorney advised him to request voluntary departure.

The IJ denied the motion, finding that Perez-Paredes had failed to show that he was prejudiced—in large part because he could not prove that the IJ would have granted cancellation of removal had Perez-Paredes requested it. The BIA upheld the IJ's decision.

## II. Analysis

### A. *Jurisdiction*

We first confirm that we have jurisdiction to hear this appeal. While we lack jurisdiction to review discretionary denials of cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(I), Perez-Paredes does not ask that we do so here. Rather, he asks us to review the BIA's disposal of his motion to reopen the proceedings based on his ineffective assistance of counsel claim. Although the BIA's analysis of this claim turns on a hypothetical consideration of whether the IJ would have exercised discretion to cancel removal, we have jurisdiction under 8 U.S.C. § 1252. *See Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009).

### B. *Ineffective Assistance of Counsel*

"We review the BIA's decision on a motion to reopen for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005). Moreover, we owe *Chevron* deference to the BIA's interpretation of ambiguous portions of the Immigration

and Nationality Act, *Carpio v. Holder*, 592 F.3d 1091, 1097 (10th Cir. 2010), and, when such deference is due, the court must uphold the agency decision if it is reasonable, *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).

Here, Perez-Paredes argues that the BIA has departed from established policies. In particular, he contends that the BIA misapplied its own precedent in concluding that, because his prior offense would have precluded cancellation of removal, his attorney's alleged missteps did not result in prejudice. We are not persuaded.

As the BIA has done, we look directly to whether Perez-Paredes was prejudiced by the alleged ineffective assistance, assuming without deciding that his lawyer's behavior was somehow deficient. An alien making an ineffective assistance of counsel claim must show not only that his attorney's performance was deficient but also "that he was prejudiced by his representative's performance." *Matter of Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988); *see also Alzainati*, 568 F.3d at 851 (10th Cir. 2009). To show prejudice, "the alien [must] demonstrate a reasonable likelihood that, but for the errors complained of, he would not have been deported." *United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2004) (internal quotation marks omitted).

Because cancellation of removal is a highly discretionary remedy, demonstrating a reasonable likelihood the alien would have received that remedy

is a very heavy burden. But we need not reach the question of whether the IJ would have actually allowed Perez-Paredes to stay in the country. Instead, we conclude that Perez-Paredes did not meet his burden to show that he was eligible for the remedy he seeks.

To be eligible for cancellation of removal, the alien must show that he or she is of "good moral character." 8 U.S.C. § 1229b. An alien who has been convicted of an aggravated felony, 8 U.S.C. § 1101(f)(8), or a crime involving moral turpitude, *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1266 (10th Cir. 2011), is not eligible under § 1229b. And it is the alien who bears the burden to show that any past crime is not the type of offense that would disqualify him for cancellation of removal. *Garcia v. Holder*, 584 F.3d 1288, 1290 (10th Cir. 2009), or *see also Dzerekey v. Holder*, 2014 WL 1509207 at *3 (10th Cir. Apr. 18, 2014).

The BIA concluded that Perez-Paredes's crime was an aggravated felony and therefore did not need to reach the question of whether his crime involves moral turpitude. The Immigration and Nationality Act provides that any "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year" is an aggravated felony. 8 U.S.C. § 1101(a)(43)(G). Additionally, the Act provides that any "offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of

imprisonment is at least one year" also constitutes an aggravated felony. 8 U.S.C. § 1101(a)(43)(R).

Perez-Paredes admits that he was convicted of a third-degree felony under Utah Code Annotated § 13-10-8. That statute prohibits unlawfully failing to disclose the origin of 100 or more recordings that the defendant has—for commercial advantage or financial gain—sold, rented, or lent, offered to sell, offered to rent, or possessed for any of those purposes when the defendant knows the recordings do not properly contain the true name and address of the manufacturer. Perez-Paredes does not dispute that the permissible term of imprisonment for that crime exceeded one year. He does, however, argue that a conviction under § 13-10-8 is neither a theft offense nor an offense relating to counterfeiting.

The terms "theft offense" and "relating to counterfeiting" are not defined in the Immigration and Nationality Act. But the BIA examined the Utah statute of conviction and reasonably concluded it fit within the Act's prohibited categories.

Section 13-10-8 is a part of Utah's Unauthorized Recording Practices Act, which is intended to "prevent the piracy of recorded materials." Utah Code Ann. § 13-10-2. It is not unreasonable to deem piracy closely related to both counterfeiting and theft. *See, e.g.*, World Copyright Law 2.29 (3d ed. 2007) (identifying piracy as a form of theft); Elizabeth Friedler, *Protecting the Innocent—the Need to Adapt Federal Asset Forfeiture Laws to Protect the*

-6-

*Interests of Third Parties in Digital Asset Seizures*, 32 Cardozo Arts & Ent. L.J. 283, 311 (2013) ("[T]here is no question that law enforcement agencies treat piracy as theft"); D.O.J. News Release 06-657 (Sept. 28, 2006) ("Whether it is referred to as counterfeiting, or piracy, or willful infringement of trademarks and copyrights, it all comes under the less elegant heading of stealing—pure and simple—and we must continue our efforts to stop it" (quoting U.S. Trade Representative Susan Schwab)).

Thus, even if, as Perez-Paredes argues, a prosecutor would not have been able to rely on the elements of his § 13-10-8 crime to convict him of any crime that legislatures explicitly call "counterfeiting" or "theft" offenses, the agency's classification of his offense as an aggravated felony is not unreasonable.[1] *See Lucero-Carrera v. Holder*, 349 F. App'x 260, 262 (10th Cir. 2009) (holding that, although proving the elements of a state forgery conviction would not justify a federal forgery conviction, the state conviction was still an offense "relating to" forgery).

---

[1] We reject Perez-Paredes's assertion that *Descamps v. United States*, 133 S. Ct. 2276 (2013), should change this conclusion. That case limited the circumstances under which courts may deem a statute "divisible." Only when a statute is divisible may a court apply the modified categorical approach to sentencing under the Armed Career Criminal Act and accordingly look beyond the text of the statute under which a defendant was convicted. This court has not applied *Descamps* in the immigration context. And we need not make that determination here because, even under the *Descamps* standard, the IJ could properly have deemed Utah Code Annotated § 13-10-8 divisible and applied the modified categorical approach.

Because the agency did not err in classifying Perez-Paredes's prior conviction as an aggravated felony, Perez-Paredes is not eligible for cancellation of removal. Thus, he cannot carry his burden to show that, but for his counsel's alleged ineffectiveness, he likely would not have been removed.

## III.  Conclusion

Finding that Perez-Paredes has not shown that his attorney's alleged ineffectiveness resulted in prejudice, we DENY his petition for review. Further, finding the we do not need any information other than the documents in the record to make our decision, we also DENY Perez-Paredes's request to require the agency to transcribe certain administrative proceedings and supplement the record accordingly.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge