Flores v. Holder

BIA
Mulligan, IJ
A073 667 154

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand fifteen.

PRESENT:
>           JOSÉ A. CABRANES,
>           ROBERT D. SACK,
>           GERARD E. LYNCH,
>                     *Circuit Judges.*

_____

MIGUEL ANTONIO FLORES, AKA
MIGUEL ANGEL FLORES, AKA JOSE PEREZ,
AKA JOSE DANIEL PEREZ, AKA DANIEL
PEREZ,
>           *Petitioner,*

>           v.                                    14-53
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:        Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; M. Jocelyn Lopez
                       Wright, Senior Litigation Counsel;

**Kristofer R. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Miguel Antonio Flores, a native and citizen of El Salvador, seeks review of a December 16, 2013, order of the BIA affirming the February 28, 2012, decision of an Immigration Judge ("IJ"), which denied special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Miguel Antionio Flores*, No. A073 667 154 (B.I.A. Dec. 16, 2013), *aff'g* No. A073 667 154 (Immig. Ct. New York City Feb. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

An applicant is ineligible to apply for special rule cancellation of removal under NACARA if he has been convicted of an aggravated felony. 8 C.F.R. § 1240.61(b). Likewise, an applicant is barred from asylum if he has "been convicted by a final judgment of a particularly serious crime, [and therefore] constitutes a danger to the community." 8 U.S.C. § 1158(b)(2)(A)(ii). For asylum purposes, all aggravated felony convictions are per se particularly serious crimes. 8 U.S.C. § 1158(b)(2)(B)(i).

The agency reasonably found that Flores's conviction for criminal possession of a forged instrument under New York Penal Law § 170.25 was an aggravated felony. To determine whether a state conviction like Flores's is an aggravated felony, we apply the "categorical approach" and examine "the generic elements of the offense of conviction to determine whether it is any broader than an offense defined as an aggravated felony under federal law." *Richards v. Ashcroft*, 400 F.3d 125, 128 (2d Cir. 2005) (internal quotation marks omitted). If the criminal statute punishes conduct that falls outside the conduct described in 8 U.S.C. § 1101(a)(43), then the crime is not an aggravated felony. *Id.* at 128.

3

Crimes "relating to commercial bribery, counterfeiting, [and] forgery" for which the term of imprisonment is at least one year are aggravated felonies. 8 U.S.C. § 1101(a)(43)(R). The term "relating to" has an expansive definition. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992).

Possession of a forged document is categorically a crime "relating to" forgery. New York Penal Law § 170.25 provides: "[a] person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.10. Criminal possession of a forged instrument is a class D felony." N.Y. Penal L. § 170.25. Convictions under similar possession statutes have been held to be categorically aggravated felonies under 8 U.S.C. § 1101(a)(43)(R) as crimes "relating to" forgery. *See Richards*, 400 F.3d at 129; *Kamagate v. Ashcroft*, 385 F.3d 144, 153-54 (2d Cir. 2004). Because possession of a forged instrument under New York law is an aggravated felony, that conviction alone bars Flores from special rule cancellation of removal under NACARA and asylum.

4

An applicant is statutorily barred from withholding of removal if he was convicted of a particularly serious crime. 8 U.S.C. § 1231(b)(3)(B)(ii). When determining whether a crime was particularly serious for withholding of removal purposes, an IJ should "us[e] the guideposts set out in *In re Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), *modified*, *In re C-*, 20 I. & N. Dec. 529 (BIA 1992)." *Nethagani v. Mukasy*, 532 F.3d 150, 155 (2d Cir. 2008). These guideposts include: "(1) the nature of the conviction; (2) the circumstances and underlying facts of the conviction; (3) the type of sentence imposed; and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Id.* (internal quotation marks omitted). "[C]rimes against persons are more likely to be particularly serious than are crimes against property." *Id*. The focus should be on the nature of the crime, not the length of the sentence or likelihood of future misconduct. *Matter of N-A-M*, 24 I. & N. Dec. 336, 342 (BIA 2007).

The agency reasonably found that Flores's aggravated assault conviction was a particularly serious crime because aggravated assault is a crime against another person. Flores pled *nolo contendre* to aggravated assault in the third degree as it was charged in the re-indictment. The

5

re-indictment states that he "knowingly and intentionally use[d] a deadly weapon, to-wit: a firearm, to threaten [an individual] with imminent bodily injury by use of the said deadly weapon," CAR at 403, which demonstrates that the nature of the crime was inherently dangerous and reasonably suggests that Flores is a danger to the community. *See Matter of G-G-S*, 26 I. & N. Dec. 339, 347 (BIA 2014).

Flores's challenge of the denial of CAT deferral fails because the IJ reasonably found that inconsistencies in Flores's testimony went to the heart of his claim that he fears returning to El Salvador. *See Secaida-Rosales v. INS*, 331 F.3d 297, 309 (2d Cir. 2003). Specifically, Flores claimed that he feared revenge from a "military man" who killed his sister. But he could provide no details about the "military man," nor could he recall whether his sister was killed in 1985 or 1995, when he had stated in his asylum application that she was killed in 1983. Flores also provided conflicting testimony as to when he first entered the United States.

Accordingly, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6