**Fredy Paul ALBILLO–FIGUEROA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 98–71239.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 25, 2000

Filed Aug. 4, 2000

---

Michael Franquinha, Stender & Larkin, Phoenix, Arizona, for the petitioner.

Anthony W. Norwood (argued) and Nancy E. Friedman, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: FLETCHER, HAWKINS, and THOMAS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

Fredy Paul Albillo–Figueroa ("Albillo"), a native and citizen of Guatemala, petitions for review of the denial of his application for relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1996) by the Board of Immigration Appeals ("BIA"). His petition presents this court with a question of first impression: whether a conviction for possession of counterfeit obligations of the United States, in violation of 18 U.S.C. § 472, is an offense "relating to ... counterfeiting" for the purposes of section 101(a)(43)(R) of the INA, 8 U.S.C. § 1101(a)(43)(R). Because we answer this question in the affirmative, we dismiss the petition for lack of jurisdiction.

## BACKGROUND

Albillo entered the United States as a legal immigrant on December 7, 1982. On May 24, 1996, Albillo pled guilty to one count of possession of counterfeit obligations of the United States and one count of aiding and abetting, in violation of 18 U.S.C. § 2. On September 18, 1996, the U.S. District Court for the District of Nevada sentenced Albillo to 15 months imprisonment. On December 13, 1996, the INS issued an Order to Show Cause alleging that Albillo was deportable under section 241(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii),[1] for being an alien

---

1. 8 U.S.C. § 1257 was formerly codified at 8 · U.S.C. § 1251. The transfer of section num-

"convicted of an aggravated felony" after entry into the United States.

On May 22, 1997, the Immigration Judge ("IJ") issued an order terminating Albillo's deportation proceedings. The IJ found that Albillo's crime was not an "aggravated felony" as defined by INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R)(1996). Recognizing that the issue was one of first impression, the IJ certified its decision to the BIA to determine "whether or not possession of a counterfeit obligation is in fact a crime which relates to counterfeiting itself."

The BIA held that a violation of 18 U.S.C. § 472 is an "aggravated felony" for the purposes of INA § 101(a)(43)(R). It then remanded the case back to the IJ, who subsequently found Albillo deportable as charged and denied his application for relief from deportation under section 212(c) of the INA. Albillo appealed this decision to the BIA. On September 24, 1998, the BIA affirmed the decision of the IJ and dismissed the appeal. This petition for review followed.

## STANDARD OF REVIEW

■ The question of whether a conviction under federal law is a deportable offense is reviewed de novo. In *Coronado–Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997), we held that de novo review was the appropriate standard when reviewing whether a conviction under state law is a deportable offense. *See id.* at 1324. Addressing a similar immigration statute, we noted that *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) deference is only appropriate when a "matter is consigned to the INS's discretion in the first place," and held that the INS was not granted such discretion to decide whether a given crime was one "relating to" a controlled substance. *See id.* at 1324 n. 1; *see also Crandon v. United States*, 494 U.S. 152, 177, 110 S.Ct.

997, 108 L.Ed.2d 132 (1990) (Scalia, J., concurring) ("[T]he vast majority of administrative interpretation that exists ... is not ... entitled to deference under *Chevron* .... The law in question, a criminal statute, is not administered by any agency but by the courts.").

## ANALYSIS

### I. *Jurisdiction*

Prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), most orders of deportation were subject to direct judicial review in the circuit courts of appeals under INA § 106(a), 8 U.S.C. § 1105(a)(1) (1995). IIRIRA repealed section 106 of the INA, *see* IIRIRA § 306(b), and replaced it with a substantially restricted scheme, now codified at 8 U.S.C. § 1252 *et seq.* The effective date of most of these new provisions is April 1, 1997. *See* IIRIRA § 309(a).

Section 309(c)(1) of IIRIRA exempts from the new judicial review provisions those aliens whose exclusion or deportation proceedings commenced before April 1, 1997. For these individuals, judicial review is still conducted under section 106(a) of the INA. *See* IIRIRA § 309(c)(1).

Section 309(c)(4), however, contains various exceptions to section 309(c)(1). These exceptions, collectively known as "transitional rules," apply to cases which were commenced before April 1, 1997, *and* in which a final order of deportation was filed after October 30, 1996. *See* IIRIRA § 309(c)(4); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997) ("As to cases in which a final deportation or exclusion order was filed after October 30, 1996, and which were pending before April 1, 1997, IIRIRA's transitional rules apply."). The INS initiated deportation proceedings against Albillo on December 13, 1996, when it

bers occurred pursuant to Pub.L. 104–208, div. C, title III, § 305(a)(2), Sept. 30, 1996,

110 Stat. 3009–598.

served him with an Order to Show Cause. The BIA entered a final order of deportation against Albillo on September 24, 1998. The case is therefore governed by IIRIRA's transitional rules.

■ The applicable transitional rule is section 309(c)(4)(G) of IIRIRA, which states in pertinent part:

there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section ... 241(a)(2)(A)(iii) ... of the Immigration and Nationality Act. . . .

Section 241(a)(2)(A)(iii) of the INA states that "[a]ny alien who is convicted of an aggravated felony at any time after entry is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony," in turn, is defined in part in INA § 101(a)(43)(R) as "an offense relating to ... counterfeiting. . . ." 8 U.S.C. § 1101(a)(43)(R).

Notwithstanding section 309(c)(4)(G) of IIRIRA, we retain jurisdiction to determine if jurisdiction exists. *See Aragon–Ayon v. INS,* 206 F.3d 847, 849 (9th Cir. 2000). As the above statutory explanation indicates, the jurisdictional question collapses into the substantive analysis: If a conviction under 18 U.S.C. § 472 is an aggravated felony for the purposes of INA § 101(a)(43)(R), then section 309(c)(4)(G) of IIRIRA prevents us from exercising jurisdiction over Albillo's petition. Conversely, if the conviction is not an "aggravated felony," not only do we have jurisdiction over the appeal, but Albillo's deportation order must be reversed.

## II. *Aggravated Felony and 18 U.S.C. § 472*

■ Albillo was convicted of one count of Possession of Counterfeit Obligations of the United States, in violation of 18 U.S.C. § 472, which reads:

Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined under this title or imprisoned not more than fifteen years, or both.

■ To support a conviction under 18 U.S.C. § 472, the government must prove that "a counterfeit bill was passed or possessed by the defendant, who knew the bill was counterfeit, and that the defendant passed or possessed the bill with intent to defraud." *United States v. McCall,* 592 F.2d 1066, 1068 (9th Cir.1979); *see also United States v. Rodriguez,* 761 F.2d 1339 (9th Cir.1985). This requisite knowledge and intent to defraud is sufficient to make a conviction under 18 U.S.C. § 472 one that is "related to" the act of counterfeiting itself.[2] By penalizing those who knowingly use or possess counterfeit bills with the intent to defraud, the statute seeks to discourage counterfeiting through the criminalization of the use of its end product.

Moreover, Albillo's argument that a conviction under 18 U.S.C. § 472 is not a crime relating to counterfeiting impermissibly reads the term "relating to" out of section 101(a)(43)(R). *See Burrey v. Pacific Gas & Elec. Co.,* 159 F.3d 388, 394 (9th Cir.1998) ("In interpreting a statutory provision, we must avoid any construction that renders some of its language superfluous."). Section 101(a)(43)(R) necessarily covers a range of activities beyond those of counterfeiting or forgery itself. The crime of counterfeiting is covered in 18 U.S.C. § 471, which provides that "[w]hoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall

---

**2.** Albillo's guilty plea constituted an admission of all elements of the offense charged. *See United States v. Cazares,* 121 F.3d 1241, 1246–1247 (9th Cir.1997). Albillo does not argue, nor does any evidence suggest, that his plea suffered from any defects, including any failure to admit to the element of intent.

be fined under this title or imprisoned not more than fifteen years, or both."

Nor does our decision in *Coronado–Durazo* support Albillo's construction of section 101(a)(43)(R) of the INA. *Coronado–Durazo* construes section 241(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i), which provides that an alien who is convicted of a "violation of (or a conspiracy or attempt to violate) any law or regulation … relating to a controlled substance" may be deported. There we held that the "statute's structure [was] clear: aliens who have been convicted of violating laws aimed at the regulation or prohibition of controlled substances are deportable, as are aliens who have been convicted of conspiracy or attempt to violate such laws." 123 F.3d at 1325. As noted, a law criminalizing the possession of counterfeit money, where such a conviction requires an intent to defraud and knowledge that the money is counterfeit, is clearly "aimed at the … prohibition" of counterfeiting.

Moreover, a conviction for possession of a counterfeit obligation is, unlike solicitation, far from a generic crime. *Coronado–Durazo*, then, lends support to our holding that a conviction under 18 U.S.C. § 472 is an aggravated felony for the purposes of section 101(a)(43)(R) of the INA.

Because Albillo has been convicted of an aggravated felony, section 309(c)(4)(G) of IIRIRA bars our jurisdiction over his petition for review as well as Albillo's claim that the BIA's application of section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214,[3] violated his Fifth Amendment right to equal protection. *See Magana–Pizano v. INS*, 200

F.3d 603, 607 (9th Cir.1999). Accordingly, the petition for review is DISMISSED.

---

3. Albillo sought relief from deportation under section 212(c) of the INA, 8 U.S.C. § 1182(c), which provides the Attorney General with discretion to grant relief from deportation to lawful permanent residents who have resided in the United States for seven consecutive years. Section 440(d) of AEDPA amended section 212(c) to exclude from eligibility for relief "an alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii) [of the INA]…." 8 U.S.C. § 1182(c) (1996), *as amended by* AEDPA § 440(d).