**Margarito QUINONEZ–OROZCO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–76363.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008.\*\*

Filed March 14, 2008.

Ronald G. Finch, Esq., Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Mark C. Walters, Esq., Arthur L. Rabin, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

Petitioner seeks review of the denial of his application for cancellation of removal, arguing that the Immigration Judge and Board of Immigration Appeals incorrectly determined his conviction for dealing in counterfeit obligations or securities in violation of 18 U.S.C. § 473[1] to be an "offense relating to ... counterfeiting" and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(R).

This case is similar to *Albillo–Figueroa v. INS*, 221 F.3d 1070 (9th Cir.2000), which held that a conviction for possession of counterfeit obligations in violation of 18 U.S.C. § 472[2] is an "offense relating to counterfeiting" and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(R). Both 18 U.S.C. § 472 and its sister provision, 18 U.S.C. § 473, require an intent to defraud[3] and are indisputably crimes "re-

---

\* Michael B. Mukasey is substituted as the current Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Section 473 provides: "Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined under this title or imprisoned not more than 20 years, or both."

2. Section 472 provides: "Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both."

3. Dealing in counterfeit securities necessarily entails an intent to defraud. *Winestock v. INS*, 576 F.2d 234, 235 (9th Cir.1978) (intent inherent in offense because petitioner "admitted intending to pass off something valueless as being something of value").

lating to" counterfeiting. As *Albillo–Figueroa* reasoned, to hold otherwise would "read the term 'relating to' out of section 1101(a)(43)(R)." *Albillo–Figueroa,* 221 F.3d at 1073.

**PETITION DENIED.**