**HUNG LIN WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72507.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed Aug. 6, 2008.

Hung Lin Wu, Diamond Bar, CA, pro se.

Rob Webster, Turner Green Afrasiabi & Arledge, LLP, Costa Mesa, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Jocelyn Lopez Wright, Kristin Edison, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GIBSON,\* O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM \*\*

Hung Lin Wu, a 45–year–old permanent resident of the United States and citizen of Taiwan, petitions for review of the Board of Immigration Appeals' decision that he is inadmissible and its denial of his applications for cancellation of removal and a waiver of inadmissibility. The BIA concluded that Wu's conviction for trafficking in counterfeit labels, in violation of 18 U.S.C. § 2318, was a crime involving moral turpitude and therefore Wu was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). The BIA also concluded that the offense of trafficking in counterfeit labels under § 2318 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(R) because such conduct "related to counterfeiting," making Wu ineligible for cancellation of removal, 8 U.S.C. § 1229b, and waiver, 8 U.S.C. § 1182(h). We deny the petition for review.

"[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of ... a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime ... is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(I). To determine whether a crime involves moral turpitude, we apply the "categorical" approach set forth in *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the purpose of which is to assess whether the statute of conviction is narrower than or equal to the generic definition of moral turpitude. *See Navarro–Lopez v. Gonzales*, 503 F.3d 1063, 1067–68 (9th Cir.2007) (en banc). If so, the conviction necessarily is for a crime involving moral turpitude. *Id.*

Offenses involving fraud are crimes of moral turpitude. *Id.* at 1074 (Reinhardt, J., concurring for the majority of the court). Even if intentional fraud is not an explicit element of the offense, as in this case, a crime involves fraud if "the nature of the crime is inherently fraudulent," which we have defined as involving "knowingly false representations made in order to gain something of value." *Id.* at 1076.

Wu pleaded guilty to 18 U.S.C. § 2318 (1996), which proscribed "knowingly traffic[king] in a counterfeit label affixed or designed to be affixed to" a specified set of materials. A guilty plea under § 2318 is categorically a plea to an inherently fraudulent crime because the statute of conviction's elements fit within the definition of inherently fraudulent conduct, which is knowingly making false representations in order to gain something of value. First, counterfeit labels are by definition false

---

\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

representations because they "appear[ ] to be genuine, but [are] not." *Id.* § 2318(b)(1). Persons who traffic in such materials knowing them to be counterfeit perpetuate the false representation, as they are knowingly passing off counterfeit material as real. Second, according to § 2318, the term "traffic" means "to transport ... as consideration for anything of value." *Id.* § 2318(b)(2). Therefore, the act of trafficking is done necessarily "to gain something of value." *Navarro–Lopez,* 503 F.3d at 1076.

Wu contends that a conviction under § 2318 is not a categorical fit to punish fraud because it also encompasses conduct by sellers who sell to willing buyers of counterfeit goods. We held in *Tall v. Mukasey,* 517 F.3d 1115, 1119–20 (9th Cir. 2008), that a petitioner's state conviction for willfully manufacturing, intentionally selling, or knowingly possessing for sale any counterfeit trademark is categorically a crime involving moral turpitude because all conduct punished by the statute is inherently fraudulent. Analogizing such a crime to a species of theft, we concluded that such crimes are categorically inherently fraudulent because the commission of such crime "necessarily defrauds the owner of the mark, or an innocent purchaser of the counterfeit items, or both." *Id.* at 1120. Under *Tall,* then, the definition of "inherently fraudulent" also encompasses willing buyers of counterfeit goods. Therefore, the BIA correctly concluded that Wu is inadmissible for having committed a crime of moral turpitude.

■ The BIA also found Wu ineligible for cancellation of removal and waiver of inadmissibility because it concluded that his guilty plea under 18 U.S.C. § 2318 was for an offense "relating to counterfeiting," and therefore qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(R). Section 2318 is categorically a counterfeit-

ing statute, as the objects it concerns are "counterfeit label[s]," the end product of counterfeiting. What the statute actually addresses are those who "knowingly traffic[ ] in" such labels. Under an ordinary meaning of "relating to," trafficking in counterfeit labels would be an activity relating to counterfeiting.

Wu argues that § 2318 is not categorically a counterfeiting statute because it also criminalizes the use of "illicit label[s]." While the current version of § 2318 proscribes the trafficking in of "illicit label[s]," the version of § 2318 in effect when judgment was entered against Wu did not. *See* Intellectual Property Protection and Courts Amendments Act of 2004, Pub.L. No. 108–482, § 102(a)(1), (a)(5), 118 Stat. 3912, 3914. Therefore this argument lacks merit.

Moreover, in *Albillo–Figueroa v. INS,* 221 F.3d 1070, 1073–74 (9th Cir.2000), we held that a conviction under 18 U.S.C. § 472, which criminalizes use or possession of counterfeit bills, qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(R) because it was an offense relating to counterfeiting. In so holding, we concluded that "[s]ection 101(a)(43)(R) necessarily covers a range of activities beyond those of counterfeiting or forgery itself." *Albillo–Figueroa,* 221 F.3d at 1073; *see also Vizcarra–Ayala v. Mukasey,* 514 F.3d 870, 877 (9th Cir.2008) (" '[R]elating to' has been applied to include activities ancillary to the core offense—for example, possession of counterfeit or forged documents, *Albillo–Figueroa v. INS,* 221 F.3d 1070 (9th Cir.2000); *Richards v. Ashcroft,* 400 F.3d 125 (2d Cir.2005); knowing use of a counterfeit mark, *Park v. Attorney General,* 472 F.3d 66 (3d Cir.2006); and forging documents with the intent to 'deceive,' as opposed to the traditional 'defraud,' *Drakes v. Zimski,* 240 F.3d 246 (3d Cir.2001)."). By pe-

nalizing those who knowingly traffic in counterfeit labels, § 2318, like the statute of conviction in *Albillo–Figueroa*, "seeks to discourage [the act of] counterfeiting through the criminalization of the use of its end product." *Albillo–Figueroa*, 221 F.3d at 1073.

For the foregoing reasons, we DENY Wu's Petition for Review.

PETITION FOR REVIEW DENIED.