**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

Nos. 09-3078 and 09-4599
———

MIAN ZEESHAN ASLAM
a/k/a Zeehan Aslam
aka Shawn
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent
———

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Honorable Andrew R. Arthur
(No. A073-609-939)
———

Submitted Under Third Circuit L.A.R. 34.1(a)
December 17, 2010

Before: JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed : December 17, 2010)
———

OPINION OF THE COURT
———

VAN ANTWERPEN, *Circuit Judge*.

In this consolidated petition for review, Petitioner Mian Zeeshan Aslam ("Aslam")

seeks review of two Board of Immigration Appeals ("Board") decisions. On June 19,

2009, the Board dismissed Aslam's appeal from the decision of an Immigration Judge

finding Aslam removable as an alien convicted of an aggravated felony under 8 U.S.C. §

1227(a)(2)(A)(iii). On November 20, 2009, the Board denied Aslam's motion to reopen

proceedings to apply for withholding of removal. We will deny the petition for review.

## I.

Because we write solely for the benefit of the parties, we will only briefly

summarize the essential facts.

Aslam is a native and citizen of Pakistan who was admitted to the United States on

March 27, 1996, as a lawful permanent resident. On April 10, 2006, Aslam pleaded

guilty and was convicted in the United States District Court for the District of Maryland

on one count of smuggling goods in violation of 18 U.S.C. § 545 and sentenced to forty

months imprisonment. Aslam pleaded guilty to Count Three of the Superseding

Indictment, which provided, in relevant part:

> On or about May 26, 2004 . . . the defendant . . . fraudulently and
> knowingly concealed and facilitated the concealment of switchblade knives,
> more than 600 counterfeit NASCAR related knives and knife sets, and
> more than 10 counterfeit Lord of the Rings swords and United Cutlery
> daggers and knives, imported contrary to law, that is, in violation of 18
> U.S.C. §§ 2319 and 2320 . . . then knowing that said merchandise had been
> imported and brought into the United States contrary to law.

Pursuant to this conviction, on November 21, 2008, the Department of Homeland

Security ("DHS") charged Aslam with removability under 8 U.S.C. § 1227(a)(2)(A)(iii),

as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(R), for

commission of an offense relating to counterfeiting for which the term of imprisonment

was at least one year.

2

On March 9, 2009, an Immigration Judge found Aslam removable as charged. Aslam appealed to the Board. On June 19, 2009, the Board affirmed the Immigration Judge's order of removal because it determined that Aslam's smuggling conviction was predicated on counterfeiting offenses in 18 U.S.C. §§ 2319 and 2320. On July 17, 2009, Aslam filed a timely petition for review of the Board's June 19, 2009 decision with this Court, Docket No. 09-3078.

On July 1, 2009, Aslam filed a motion to reopen the Board's June 19, 2009 decision. Aslam sought to present claims for withholding of removal and protection under the Convention Against Torture ("CAT"). On August 28, 2009, the Board denied Aslam's motion to reopen because Aslam had not submitted an asylum application with his motion.

Aslam then filed what the Board treated as a second motion to reopen the Board's June 19, 2009 decision. Although Aslam presented new evidence and a completed asylum application, the Board denied this motion on November 20, 2009, because it found that Aslam failed to establish *prima facie* eligibility for withholding of removal or protection under CAT. On December 11, 2009, Aslam filed a timely petition for review of the Board's November 20, 2009 decision, Docket No. 09-4509. These petitions for review have been consolidated.

**II.**

We have jurisdiction under 8 U.S.C. § 1252, which provides for judicial review of final orders of removal. We review *de novo* the legal question of whether a particular

3

offense is an aggravated felony within the meaning of the INA.[1] *Evanson v. Att'y Gen.*, 550 F.3d 284, 288 (3d Cir. 2008). We review the Board's denial of Aslam's motion to reopen. *Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir. 2007).

## III.

Aslam's petition for review raises two issues. First, he contends that his conviction under 18 U.S.C. § 545 does not "relate to counterfeiting" under 8 U.S.C. § 1101(a)(43)(R) and therefore cannot render him removable as an alien convicted of committing an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Second, Aslam argues that the Board abused its discretion in denying his motion to reopen. For the reasons that follow, we will deny the petition.

## A.

We first consider whether Aslam's conviction under 18 U.S.C. § 545[2] constitutes an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(R).[3] We have jurisdiction to

---

[1] We do not defer to the Board's (or Immigration Judge's) interpretation of whether a particular crime constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43). *Singh v. Ashcroft*, 383 F.3d 144, 151 (3d Cir. 2004).

[2] 18 U.S.C. § 545 provides, in relevant part:

> § 545. Smuggling goods into the United States
> . . .
> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law--
>
> Shall be fined under this title or imprisoned not more than 20 years, or both.

review this question of law under 8 U.S.C. §1252(a)(2)(D). Because the Board issued a final order of removal against Aslam, this petition for review potentially implicates the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C), which provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reasons of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [an aggravated felony]." However, this Court retains jurisdiction "to determine whether these jurisdictional facts are present." *Valansi v. Ashcroft*, 278 F.3d 203, 207 (3d Cir. 2002). In this case, Aslam admits that he is an alien but argues that his conviction for smuggling under 18 U.S.C. § 545 is not an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(R). Whether Aslam's conviction qualifies as an aggravated felony is a question of law falling within the exception to the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(D).[4] We exercise plenary review. *See Evanson*, 550 F.3d at 288.

We turn to the merits of Aslam's petition. An aggravated felony includes "an offense relating to . . . counterfeiting." 8 U.S.C. § 1101(a)(43)(R). Although Aslam pleaded guilty to smuggling goods in violation of 18 U.S.C. § 545, the indictment

---

[3] 8 U.S.C. § 1101(a)(43)(R) provides, in relevant part:

> § 1101. Definitions
> (a) As used in this Act--
> (43) The term "aggravated felony" means--
> (R) an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year;

[4] 8 U.S.C. § 1252(a)(2)(D) provides that nothing in the INA which "eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law . . . ."

charged Aslam with violating 18 U.S.C. §§ 2319[5] and 2320.[6] The question is whether Aslam's conviction for smuggling under 18 U.S.C. § 545, predicated on violations of 18 U.S.C. §§ 2319 and 2320, relates to counterfeiting and hence is an aggravated felony under 8 U.S.C. § 1101(a)(43)(R).

We presumptively apply the formal categorical approach articulated in *Taylor v. United States*, 495 U.S. 575 (1990). *See Singh v. Ashcroft*, 383 F.3d 144, 148 (3d Cir. 2004). However, if the formal categorical approach fails to resolve this issue, we will resort to application of the modified categorical approach. *Id*. Under the formal categorical approach, a court "'must look only to the statutory definitions of the prior offenses,' and may not 'consider other evidence concerning the defendant's prior crimes,' including, 'the particular facts underlying [a] conviction[].'" *Singh*, 383 F.3d at 147-48 (quoting *Taylor*, 495 U.S. at 599-600).

Here, application of the formal categorical approach requires that we examine the statutory elements of 18 U.S.C. § 545 to determine whether it is an offense relating to counterfeiting and hence an aggravated felony under 8 U.S.C. § 1101(a)(43)(R). *See Garcia v. Ashcroft*, 462 F.3d 287, 291 (3d Cir. 2006) (the formal categorical approach requires courts to look only to the statutory definition of the prior offense). This Court listed the elements of 18 U.S.C. § 545 in *United States v. Molt*, 615 F.2d 141 (3d Cir. 1980). In *Molt*, the defendant was indicted under 18 U.S.C. § 545 for knowingly importing Fiji Island reptiles. *Id*. at 144. This Court stated that "[t]o prove a section 545

[5] 18 U.S.C. § 2319 criminalizes "Criminal infringement of a copyright."

[6] 18 U.S.C. § 2320 criminalizes "Trafficking in counterfeit goods or services."

offense, the government must prove beyond a reasonable doubt that the defendant: 1) received, concealed, bought, sold, or facilitated the transportation, concealment, or sale; 2) of merchandise after importation; 3) knowing the same to have been imported contrary to law." *Id.* Moreover, to prove the "contrary to law" element, the government must specify the statute violated or facts sufficient to prove violation of a particular statute. *United States v. Menon*, 24 F.3d 550, 558 (3d Cir. 1994). This venerable requirement was first articulated in *United States v. Keck*, 172 U.S. 434 (1899), in which the Supreme Court found "clearly insufficient" the language of an indictment under the precursor statute to 18 U.S.C. § 545, which merely alleged that the importation of diamonds was "contrary to law." *Id.* at 437.

The elements of 18 U.S.C. § 545 give rise to myriad grounds for establishing violation of the statute. A defendant may "receive," "conceal," "buy," "sell," or "facilitate the transportation, concealment, or sale" of "merchandise after importation." *See* 18 U.S.C. § 545. But these actions merely scratch the surface. Because the government must allege and prove the "contrary to law" element by identifying a specific statute (or conduct that would violate a statute), many variations of conduct may support a charge under 18 U.S.C. § 545. Therefore, 18 U.S.C. § 545's exceptional variability resists application of the formal categorical approach.

The "contrary to law" element in particular frustrates the formal categorical approach. A bare examination of the statutory elements of 18 U.S.C. § 545 does not resolve the question whether a conviction under 18 U.S.C. § 545 "relates to counterfeiting" and is therefore an aggravated felony. In *some* situations, the conduct

7

which is "contrary to law" may relate to counterfeiting. But in other situations the conduct will not. *See, e.g.*, *United States v. Mitchell*, 39 F.3d 465 (4th Cir. 1994) (affirming conviction under 8 U.S.C. § 545 where defendant imported animal horns and hides in violation of administrative regulations); *United States v. Meyer*, 802 F.2d 348 (9th Cir. 1986) (affirming conviction under 8 U.S.C. § 545 where defendant imported obscene photographs in violation of 19 U.S.C. § 1305). Therefore, we must depart from the formal categorical approach and resort to the modified categorical approach. *See Garcia*, 462 F.3d at 292 ("Statutes phrased in the disjunctive may invite inquiry into the record of conviction if it is unclear from the face of the statute whether the conviction qualifies as an aggravated felony."); *Singh*, 383 F.3d at 162 ("Where some variations meet the aggravated-felony requisites and other do not, we have . . . allowed further inquiry to see which variation was actually committed.").

Aslam protests that the modified categorical approach should not apply. We disagree for several reasons. First, in *Singh*, this Court adopted the "modified categorical approach" where the statute of conviction was phrased in the disjunctive, meaning that "some variations of the crime of conviction meet the aggravated-felony requirements and others do not . . . ." *Id*. at 162. Therefore, further investigation was required to determine under which provision the defendant had been convicted. Similarly, in *Valansi v. Ashcroft*, the Court determined that the statute of conviction was phrased in the disjunctive because "a *mens rea* of *either* intent to defraud *or* intent to injure would suffice for conviction." 278 F.3d at 214. Therefore, the Court "took the additional step of examining the underlying facts to determine whether Valansi pled guilty to an offense

8

involving fraud or deceit." *Id*. Here, 18 U.S.C. § 545 is disjunctive because, as explained above, some crimes under this statute may relate to counterfeiting and constitute an aggravated felony, but others will not.

Second, in *Garcia*, this Court noted that for the modified categorical approach to apply, the statute must be disjunctive in a "relevant sense." 462 F.3d at 293 n.9. To be disjunctive in a "relevant sense," some portions of the statute must qualify as an aggravated felony, but other sections must not. *Id*. Here, 18 U.S.C. § 545 is disjunctive in a "relevant sense" because, like the statute in *Garcia*, only some convictions under 18 U.S.C. § 545 will relate to counterfeiting and constitute an aggravated felony.

Finally, in *Evanson*, this Court stated that the rationale for using the modified categorical approach is "for the purpose of determining the elements . . . admitted by a defendant in pleading guilty." 550 F.3d at 290 n.4 (citing *Taylor*, 495 U.S. at 602). The Court looked beyond the statutory elements to determine whether "the petitioner was actually convicted of the charges." *Evanson*, 550 F.3d at 290 n.4; *Steele v. Blackman*, 236 F.3d 130, 136-37 (3d Cir. 2001) (to find that alien was convicted of an aggravated felony, there must be judicial determination beyond a reasonable doubt of every element of a felony or a constitutionally valid plea that encompasses each of those elements). Here, the Court must look beyond the bare statutory elements to determine whether Aslam pleaded guilty to every element of an "aggravated felony" statute.

We apply the modified categorical approach. Under this approach, the Court may look beyond the mere fact of conviction, *Taylor*, 495 U.S. at 602, to examine "the terms of the charging document, the terms of a plea agreement or transcript of colloquy

9

between judge and defendant in which the factual basis for the plea was confirmed by the defendant . . . ." *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 466 (3d Cir. 2009) (applying "modified categorical approach" by "conduct[ing] a limited factual inquiry, examining the record of conviction for the narrow purpose of determining the specific subpart under which the defendant was convicted"). The purpose of our examination of these materials is "to determine what elements formed the basis for a defendant's underlying conviction." *Evanson*, 550 F.3d at 291; *Taylor*, 495 U.S. at 602.

An examination of the charging document sheds light on the elements underlying Aslam's conviction. The Superseding Indictment charged Aslam with violations of 18 U.S.C. § 545 in Counts Three, Four, and Five. *Appx.* at A86-A88. Count Three charged that Aslam "fraudulently and knowingly concealed and facilitated the concealment of switchblade knives, counterfeit NASCAR related knives and knife sets, and counterfeit Lord of the Rings swords and United Cutlery daggers and knives, imported contrary to law, that is, in violation of 18 U.S.C. §§ 2319 and 2320 . . . ."[7] *Appx.* at A86. Count Four charged that Aslam "fraudulently and knowingly concealed and sold, and facilitated the concealment and sale of 10,050 NASCAR-related counterfeit knives and knife sets . . . . then knowing that said merchandise had been imported and brought into the United States contrary to law, in violation of 18 U.S.C. § 2320." *Appx.* at A87. Count Five charged that Aslam "fraudulently and knowingly concealed and sold, and facilitated the concealment and sale of 5,250 counterfeit NASCAR related knives and knife sets . . .

---

[7] Aslam pleaded guilty to Count Three.

then knowing that said merchandise had been imported and brought into the United States contrary to law, in violation of 18 U.S.C. § 2320." *Appx.* at A88. Notably, Counts Three, Four, and Five all reference counterfeit items sufficient to trigger a violation of 18 U.S.C. § 2320.

Moreover, the judgment of conviction recites that Aslam pleaded guilty to a violation of 18 U.S.C. § 545 as charged in Count Three of the Superseding Indictment. *Appx.* at A58. As mentioned, Count Three charged that Aslam "fraudulently and knowingly concealed and facilitated the concealment of switchblade knives, counterfeit NASCAR related knives and knife sets, and counterfeit Lord of the Rings swords and United Cutlery daggers and knives, imported contrary to law, that is, in violation of 18 U.S.C. §§ 2319 and 2320 . . . ." *Appx.* at A86. Count Three charged Aslam with violating 18 U.S.C. § 545 because Aslam acted "contrary to law" in violation of 18 U.S.C. §§ 2319 and 2320, which criminalize counterfeiting and trafficking in counterfeiting goods.

Having examined the charging document and judgment of conviction under the "modified categorical approach," we now turn to the ultimate issue: whether Aslam's conviction under 18 U.S.C. § 545 for smuggling merchandise imported "contrary to law" in violation of 18 U.S.C. §§ 2319 and 2320, relates to counterfeiting and is thus an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). We believe Aslam's conviction relates to counterfeiting.

In conducting this analysis, we first note that the phrase "relating to" must be interpreted broadly. *See Morales v. Trans World Airlines*, 504 U.S. 374, 383 (1992).

11

Similarly, the Court in *Park v. Att'y Gen.* held that the term "counterfeiting" as used in 8 U.S.C. § 1101(a)(43)(R) has a "broad reach." 472 F.3d 66, 72 (3d Cir. 2006); *see Drakes v. Zimski*, 240 F.3d 246, 249 (3d Cir. 2001) ("forgery" as used in § 1101(a)(43)(R) "must not be strictly confined to its narrowest meaning"); *Albillo-Figueroa v. INS*, 221 F.3d 1070, 1073-74 (9th Cir. 2000) (rejecting narrow reading of 8 U.S.C. § 1101(a)(43)(R) because the statute covers a range of activities beyond counterfeiting).

Second, a violation of 18 U.S.C. § 2320 has been held to relate to counterfeiting. In *Park v. Att'y Gen.*, Park pleaded guilty to selling clothing which bore the counterfeit trademarks of Nike and Tommy Hilfiger in violation of 18 U.S.C. § 2320. 472 F.3d at 68. Based on this conviction, DHS charged Park with removability as an alien who had committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(a)(iii) as defined in 8 U.S.C. § 1101(a)(43)(R). *Park*, 472 F.3d at 69. The Immigration Judge found Park removable, and the Board affirmed. *Id.* at 70. On review in this Court, Park argued that a conviction under 18 U.S.C. § 2320 was not "an offense . . . relating to counterfeiting" and could not be an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(R). *Park*, 472 F.3d at 71. The Court rejected Park's argument after canvassing Chapter 25 of Title 18 of the United States Code; this search revealed an array of federal statutes criminalizing both the "act of counterfeiting" and "the knowing use of the end product of an act of counterfeiting." *Id.* at 71-72. The Court noted that 18 U.S.C. § 2320, which criminalizes trafficking in counterfeit goods, squarely fell within the spectrum of federal statutes prohibiting counterfeiting. *Id.* at 72. Finally, the Court noted the broad reading of the term "relating to counterfeiting." *Id.* For these reasons, the Court determined that a

12

conviction under 18 U.S.C. § 2320 related to counterfeiting and qualified as an aggravated felony, resulting in dismissal of Park's petition. *Id*. at 72-73.

Here, Aslam pleaded guilty to smuggling under 18 U.S.C. § 545 based on conduct which violated 18 U.S.C. § 2320. *Appx*. at 58, 86. For the reasons discussed in *Park* – the wide spectrum of "counterfeiting" offenses under federal law and the broad reading of "relating" in 8 U.S.C. § 1101(a)(43)(R) – we agree with *Park*'s determination that 18 U.S.C. § 2320 "relates to counterfeiting." While we note that this case is not exactly like *Park* because Aslam pleaded guilty to smuggling under 18 U.S.C. § 545, not to trafficking in counterfeit goods under 18 U.S.C. § 2320, the principle remains that the conviction "relates to counterfeiting" and hence qualifies as an aggravated felony.[8]

In sum, we believe that a conviction under 18 U.S.C. § 545, where the merchandise smuggled was imported "contrary to law" based on a violation of 18 U.S.C. § 2320, "relates to counterfeiting" under 8 U.S.C. § 1101(a)(43)(R). Therefore, Aslam is removable as an alien who has committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

**B.**

---

[8] Citing cases that indicate, for example, that a misprision of felony conviction does not "relate to" an underlying narcotics felony, *see, e.g.*, *Castenada de Esper v. INS*, 557 F.2d 79 (6th Cir. 1977), Aslam argues that his conviction under § 545 cannot "relate to" counterfeiting. Whatever merit those cases may have – and we do not speak to that here – we are not persuaded that they are controlling in these circumstances, which involve, as we have already noted, a direct relationship between Aslam's smuggling count of conviction and the counterfeiting crimes on which that conviction was based. Given the broad reading we are required to give to the phrase "relating to counterfeiting," *see Park*, 472 F.3d at 72, we are satisfied that Aslam's § 545 conviction was correctly viewed by the BIA as a basis for removal.

Aslam also challenges the Board's denial of his motion to reopen to apply for withholding of removal under 8 U.S.C. § 1231(b)(3). The Board denied Aslam's motion because it determined that Aslam failed to make a *prima facie* case for withholding from removal. For the reasons discussed below, we will deny Aslam's petition.

We have jurisdiction to review Aslam's legal question regarding the application of the *prima facie* standard. *See Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002); *Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir. 2001); 8 U.S.C. § 1252(a)(2)(D). In *Toussaint v. Att'y Gen.*, we recognized that our jurisdiction "'includes review of the BIA's application of law to undisputed fact.'" 455 F.3d 409, 412 n.3 (3d Cir. 2006) (quoting *Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006)). Here, the Board denied Aslam's motion to reopen because it determined that the evidence Aslam produced did not establish a *prima facie* case for eligibility for withholding of removal. Just like *Toussaint*, Aslam's petition "involves not disputed facts but whether the facts, even when accepted as true, sufficiently demonstrate that it is more likely than not" that Aslam would be persecuted under one of the protected grounds. 455 F.3d at 412 n.3; *see Guo v. Ashcroft*, 386 F.3d 556 (3d Cir. 2004) (granting petition for review of Board's denial of motion to reconsider for failure to satisfy *prima facie* case where Board applied incorrect legal standard). Therefore, we have jurisdiction to review Aslam's petition based on a question of law. *See* 8 U.S.C. § 1252(a)(2)(D).

When the Board "denies a motion to reopen on the ground that the applicant has failed to make a *prima facie* showing," this Court will "review that determination to ensure that it is supported by substantial evidence and is not an abuse of discretion."

14

*Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir. 2007); *Sevoian*, 290 F.3d at 174.  This

standard of review is "highly deferential," *Guo*, 386 F.3d at 562, and the Board's decision

"will not be disturbed unless [] found to be arbitrary, irrational, or contrary to law."  *Tipu*

*v. INS*, 20 F.3d 580, 582 (3d Cir. 1994).  Finally, the Board's factual determinations will

be upheld if they are "'supported by reasonable, substantial, and probative evidence on

the record considered as a whole.'"  *Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir. 2009)

(quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

To satisfy the *prima facie* case for withholding of removal on a motion to reopen,

the applicant "must produce objective evidence showing a 'reasonable likelihood' that he

can establish [that he is entitled to relief]."  *Shardar*, 503 F.3d at 313 (alteration in

original, citations omitted); *Sevoian*, 290 F.3d at 174.  "A 'reasonable likelihood' means

merely showing a realistic chance that the petitioner can at a later time establish that

asylum should be granted."  *Guo*, 386 F.3d at 564.  In *Guo*, the Court considered a

motion to reopen to apply for asylum and determined that the "reasonable likelihood"

standard meant merely showing a "realistic chance."  *Id*. at 560, 564.  Here, Aslam has

moved to reopen to consider his claim for withholding of removal under 8 U.S.C. §

1231(b)(3)(A)[9] rather than asylum under 8 U.S.C. § 1158(b)(1)(B)(i).  Although the

---

[9] 8 U.S.C. § 1231(b)(3)(A) provides:

§ 1231.  Detention and removal of aliens ordered removed
. . .
(b) Countries to which aliens may be removed.
. . .
(3) Restriction on removal to a country where alien's life or freedom would be
threatened.

15

withholding and asylum provisions are similar,[10] we note some differences between these two grounds for relief. Whereas asylum is a discretionary decision, withholding from removal, if established, is mandatory. *Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003). Consequently, the burden for establishing a *prima facie* case for asylum ("a "realistic chance" that the petitioner can at a later time establish that asylum should be granted," *see Guo*, 386 F.3d at 564) is lower than the burden for withholding of removal ("more likely than not"). *See Lukwago*, 329 F.3d at 182; *INS v. Stevic*, 467 U.S. 407 (1984). The exact contours of what a petitioner must show to make a *prima facie* case on a motion to reopen for withholding of removal are somewhat unclear. However, because Aslam cannot satisfy even the *lower* burden of showing a *prima facie* case for asylum, we necessarily reject his motion to reopen for withholding from removal.

We apply *Guo*'s "reasonable likelihood" test to the Board's November 30, 2009, denial of Aslam's motion to reopen, and because Aslam failed to show a "realistic chance" of establishing a basis for relief, *Guo*, 386 F.3d at 564, we conclude that Aslam failed to make a *prima facie* case. Aslam's motion to reopen contained a police report submitted by his uncle alleging that Talibani extremists entered the uncle's home, demanded money, and demanded information about relatives in the United States. The

(A) In general. Notwithstanding paragraphs (1) and (2), the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.

[10] The withholding from removal provision, 8 U.S.C. § 1231(b)(3)(A), and the asylum provision, 8 U.S.C. § 1158(b)(1)(B)(i), have the same "protected grounds" of "race, religion, nationality, membership in a particular social group, or political opinion."

16

Talibani extremists then kidnapped Aslam's grandfather, and Aslam submitted an autopsy report showing that his grandfather had been murdered. The Board's review of Aslam's newly presented documents determined that none of the harms that befell Aslam's family "related to a protected ground" for withholding of removal. Aslam argues that the Board abused its discretion by not considering whether Aslam's membership in a particular social group – his grandfather's family – entitled him to relief. "Kinship ties" may create a "particular social group" which is one of the protected grounds for asylum and withholding claims. *See Singh*, 406 F.3d at 196 n.5. However, the Board determined from Aslam's evidence that the Talibani Mujahidins were targeting people "to generate money to fight back the Pak Army offensive against them," not because of their membership in a particular social group. We will uphold the Board's factual determination regarding the motives of the Talibani Mujahidins because it is supported by reasonable, substantial, and probative evidence in the record. *See Liu*, 555 F.3d at 148. Moreover, insofar as Aslam's "kinship ties" to his grandfather's family create a "particular social group," Aslam's evidence as interpreted by the Board shows that this protected ground is only an "incidental, tangential, or superficial" basis for the persecution, subordinate to the motive of generating money. *See Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 130 (3d Cir. 2009) ("[A]sylum may not be granted if a protected ground is only an 'incidental, tangential, or superficial' reason for persecution of an asylum applicant.").

Because the Board found that Aslam's evidence does not reference a protected ground, Aslam's evidence cannot produce a "reasonable likelihood" that relief would be

17

granted.  *Guo*, 386 F.3d at 564.  Aslam thus failed to establish a *prima facie* case for withholding.  Therefore, the Board did not abuse its discretion in denying Aslam's motion to reopen.

## IV.

For the foregoing reasons, the petition for review is denied as to each matter under appeal.