
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILFREDO A. HENRIQUEZ, | No. 08-70255 |
| Petitioner, | Agency No. A092-292-426 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | ORDER[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2012
Pasadena, California

Before: PREGERSON and GRABER, Circuit Judges, and CHEN,[**] District Judge.

Wilfredo A. Henriquez's petition for review of his final order of removal is

DISMISSED in part and DENIED in part.

_____

[*]    This order is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
[**]    The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

First, this court lacks jurisdiction to consider Henriquez's claim that he was deprived of his right to counsel at his hearing before an immigration judge ("IJ"). Henriquez failed to raise his right to counsel argument to the Board of Immigration Appeals in his motion for reconsideration. Thus, he fails to satisfy the exhaustion requirement of 8 U.S.C. § 1252(d)(1). *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) ("We can exercise jurisdiction over a claim only if the alien has exhausted all administrative remedies available to the alien as of right." (internal quotation marks omitted)).

Second, Henriquez's remaining contentions, that the government has failed to provide sufficient evidence to prove his removability and that his conviction under California Penal Code § 470(d) does not constitute an aggravated felony, both fail. At his "pleading stage" before the IJ, Henriquez admitted that he had been: (1) convicted of possession of methamphetamine, a violation of California Health & Safety Code § 11377(a); (2) convicted of forgery, a violation of California Penal Code § 470(d); and (3) sentenced to sixteen months' confinement. We are bound by these admissions. *See Perez-Mejia v. Holder*, 663 F.3d 403, 410-11 (9th Cir. 2011). Furthermore, Henriquez's conviction under California Penal Code § 470(d) qualifies as an aggravated felony under the categorical approach. *See Albillo-Figueroa v. INS*, 221 F.3d 1070, 1073 (9th Cir. 2000) ("Th[e] requisite

knowledge and intent to defraud is sufficient to make [the] conviction . . . one that is 'related to' the act of counterfeiting itself.").[1]

Accordingly, Henriquez's petition for review of his final order of removal is DISMISSED in part and DENIED in part.

---

[1] The government's contention that this court lacks jurisdiction to consider this argument is without merit. Henriquez adequately raised this argument in his motion for reconsideration before the BIA. *See Vizcarra-Ayala v. Mukasey,* 514 F.3d 870, 873 (9th Cir. 2008) (a petitioner may properly exhaust his remedies even where he "did not make the precise statutory argument in the proceedings below [but] . . . did raise [the] general argument." (internal quotation marks omitted; last alteration added)).