**NOT FOR PUBLICATION**

**FILED**

JUN 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALCOLM ALARMO ADDY, AKA Malcolm Alarmo King, <br><br>             Petitioner, <br><br>    v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>             Respondent. | No.   11-73315 <br><br> Agency No. A092-578-405 <br><br><br> MEMORANDUM[*] <br> and <br> ORDER |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2017[**]
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and BOLTON,[***] District
Judge.

Petitioner Malcolm Alarmo Addy seeks review of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") order finding Petitioner removable because his 1999 conviction under California Penal Code ("Cal. P.C.") § 470 constitutes an aggravated felony. Petitioner argues that we should grant his petition because his conviction under Cal. P.C. § 470 is not categorically an aggravated felony. He requests in the alternative that we remand his case to the BIA to allow him to request a continuance to apply for an adjustment in status based on his son's status as a United States citizen. Reviewing de novo whether Petitioner's conviction under Cal. P.C. § 470 constitutes an aggravated felony, *Mandujano-Real v. Mukasey*, 526 F.3d 585, 588 (9th Cir. 2008), we deny the petition in part. Because we lack jurisdiction to review issues that were not raised before the IJ or BIA, we dismiss the petition in part. 8 U.S.C. § 1252(d)(1).

1. The Immigration and Nationality Act ("INA") provides that "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year" is an aggravated felony. 8 U.S.C. § 1101(a)(43)(R). We use the categorical approach to determine whether Petitioner's state statute of conviction categorically fits within the federal generic definition of forgery. *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867 (9th Cir. 2015). California state forgery matches federal forgery if the conviction "necessarily involved facts equating to the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (alterations omitted) (quoting

*Shepard v. United States*, 544 U.S. 13, 24 (2005) (plurality)). Additionally, the phrase "relating to" in § 1101(a)(43)(R) broadens the definition of an aggravated felony under the INA and "necessarily covers a range of activities beyond those of counterfeiting or forgery itself." *Albillo-Figueroa v. INS*, 221 F.3d 1070, 1073 (9th Cir. 2000). The generic federal offense of forgery consists of "(1) a false making of some instrument in writing; (2) a fraudulent intent; [and] (3) an instrument apparently capable of effecting a fraud." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008) (internal quotation marks omitted). California state courts have traditionally held that, to be convicted under Cal. P.C. § 470, one must forge an instrument with intent to defraud, or use a forged instrument with the intent to defraud. *See, e.g.*, *People v. Luizzi*, 9 Cal. Rptr. 842, 846 (Ct. App. 1960); *People v. Sutherland*, 21 Cal. Rptr. 2d 752, 761 (Ct. App. 1993); *see also Albertson v. Millard*, 345 U.S. 242, 244 (1953) (per curiam) ("The construction given to a state statute by the state courts is binding upon federal courts."). Both the federal and state crimes require a fraudulent intent and a false instrument designed to defraud, and the making of a forged instrument squarely aligns with the federal generic definition. The use of a forged instrument is also clearly related to forgery because it is an activity "ancillary to the core offense" of forgery. *Vizcarra-Ayala*, 514 F.3d at 877. Therefore, a conviction under Cal. P.C. § 470 is categorically a crime "relating to . . . forgery" and an aggravated felony under the INA.

2. Petitioner's 32-month prison sentence for his conviction under Cal. P.C. § 470 satisfies the "at least one year" imprisonment requirement of 8 U.S.C. § 1101(a)(43)(R). *See Alberto-Gonzalez v. INS*, 215 F.3d 906, 909–10 (9th Cir. 2000) (holding that we should consider the actual sentence imposed by the trial judge to determine whether the term of imprisonment was longer than a year). Because Petitioner's sentence was greater than one year, the BIA properly concluded that his conviction was for an aggravated felony.

3. We reject Petitioner's argument that he should have been charged with removability under a different statute. The Attorney General has prosecutorial discretion over the initiation of removal proceedings, and that discretion is not reviewable. *Cortez-Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir. 2001).

4. We also reject Petitioner's argument that it violates Congress' intent to remove persons for an offense resulting in a loss of less than $10,000. Congress expressed its intent regarding the types of crimes that should be considered aggravated felonies through the text of the INA, and Petitioner's conviction under Cal. P.C. § 470 meets the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)(R).

5. We lack jurisdiction to remand Petitioner's case to allow him time to file for an adjustment of status based on his son's status because he did not raise the issue before the IJ or BIA. *See* 8 U.S.C. § 1252(d)(1) (providing that we may

4

review a final order of removal only if an alien has exhausted all available administrative remedies). Therefore, we deny Petitioner's motion to take judicial notice of his approved visa petition and other documents relating to his request for remand and dismiss this portion of Petitioner's appeal.

**Petition is DENIED in part and DISMISSED in part. Motion for judicial notice is DENIED.**