**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY UCHE NNANNA, AKA Bathram Eko Isa,<br><br>     Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>     Respondent. | No. 15-72955<br><br>Agency No. A024-995-612<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2019[**]
Pasadena, California

Before: GOULD, NGUYEN, and OWENS, Circuit Judges.

Barry Nnanna, a native and citizen of Nigeria, petitions for review of a

Board of Immigration Appeals ("BIA") order dismissing his appeal from an

immigration judge ("IJ") decision denying his application for asylum, withholding

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). Reviewing legal questions de novo and the agency's factual findings for substantial evidence, *see Diaz-Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018), we deny the petition in part and dismiss it in part.

1. The BIA did not err in concluding that Nnanna committed an offense "relating to . . . forgery." 8 U.S.C. § 1101(a)(43)(R). That term "include[s] activities ancillary to the core offense" such as "possession of counterfeit or forged documents." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 877 (9th Cir. 2008). "By penalizing those who knowingly use or possess [forged] bills with the intent to defraud," Nnanna's crime of conviction "seeks to discourage [forging] through the criminalization of the use of its end product" and is therefore a crime relating to forgery. *Albillo-Figueroa v. INS*, 221 F.3d 1070, 1073 (9th Cir. 2000); *see also* 18 U.S.C. § 510(a)(2). Consequently, Nnanna is statutorily ineligible for asylum.

2. We lack jurisdiction to review Nnanna's claim that the IJ "did not properly assess the underlying facts of the conviction" in determining that he was ineligible for withholding of removal because he committed a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B)(ii). *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013) (explaining that we "cannot reweigh evidence to

determine if the crime was indeed particularly serious" (quoting *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006))). We therefore dismiss this claim.

We have jurisdiction to review his claim that the agency "failed to consider the appropriate factors . . . in making the 'particularly serious crime' determination." *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) (internal citations omitted). Contrary to Nnanna's argument, "a separate determination of danger to the community is not required" when the agency "makes a finding that an offense constitutes a particularly serious crime." *Id.* at 679 (quoting *Kankamalage v. INS*, 335 F.3d 858, 861 n.2 (9th Cir. 2003)). We therefore deny the petition as to this claim.

**3.** Substantial evidence supports the agency's finding that Nnanna is ineligible for CAT relief because he failed to "prove that it is more likely than not that he . . . will be tortured in [Nigeria]" with the government's acquiescence. *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). Nnanna provided no evidence that he could not relocate to southern Nigeria where Christians are in the majority, and the agency cited evidence that the Nigerian government "has condemned [the insurgent] attacks" and "reassure[d] Nigerians . . . that all those involved . . . will be made to face the full wrath of the law." We therefore deny the petition as to the CAT claim.

**PETITION DENIED in part and DISMISSED in part.**