**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jorge Alberto MARTINEZ–VALDEZ,**
**Defendant–Appellant.**

**No. 10–50154.**

United States Court of Appeals,
Fifth Circuit.

March 23, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Miguel Angel Torres, Esq., El Paso, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit Judges.

PER CURIAM: *

Jorge Alberto Martinez–Valdez pled guilty to illegal reentry into the United States. Pursuant to § 2L1.2(b)(1)(C) of the United States Sentencing Guidelines, the district court assessed an eight-level sentencing enhancement upon finding that Martinez–Valdez's prior state conviction for possession of a forged instrument constituted an "aggravated felony." Martinez–Valdez appeals his 24–month sentence, arguing that the Wyoming statute under which he was convicted for possession of a forged instrument, Wyo. Stat. Ann. § 6–3–603(a)(i), criminalizes conduct outside the generic definition of forgery

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

and thus cannot provide the basis for the sentencing enhancement. We find no error and affirm.

Since Martinez–Valdez did not object to his sentence at trial, we review for plain error. *United States v. Garza–Lopez*, 410 F.3d 268, 272 (5th Cir.2005). Under this standard, we may vacate a sentence only if, *inter alia*, the trial court committed a clear and obvious error affecting defendant's substantial rights. *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir.2005). In determining whether the district court erred by misapplying § 2L1.2(b)(1)(C), we review the district court's interpretation and application of the Guidelines de novo. *Garza–Lopez*, 410 F.3d at 273.

Under the Sentencing Guidelines, a defendant convicted of illegal entry into the United States is subject to an eight-level sentencing enhancement if he was previously removed after committing an "aggravated felony." U.S.S.G. § 2L1.2(b)(1)(C). The term "aggravated felony" includes any "offense relating to ... forgery ... for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(R). Because the Guidelines do not further define "forgery," the court applies a "common sense approach" and defines the enumerated crime by its "generic, contemporary meaning." *See United States v. Torres–Diaz*, 438 F.3d 529, 536 (5th Cir.2006) (quoting *United States v. Izaguirre–Flores*, 405 F.3d 270, 275 & n. 16 (5th Cir.2005)). One primary source for the generic contemporary meaning of forgery is the Model Penal Code. *See United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir.2009) (quoting *Torres–Diaz*, 438 F.3d at 536). The court endorses a categorical approach in evaluating the correspondence between the generic contemporary meaning of "forgery" and the elements of the

prior offense of conviction to determine whether Martinez–Valdez's Wyoming conviction qualifies as an "aggravated felony". *Torres–Diaz*, 438 F.3d at 536. Applying this approach, it is clear that the Wyoming conviction is an aggravated felony within the meaning of the Sentencing Guidelines.

Martinez–Valdez was convicted under a Wyoming forgery statute which criminalizes the possession of a forged writing if the possessor "know[s] it is forged in a manner specified in [§§ ] 6–3–602(a)(i) or (ii) and intend[s] to utter or pass it to defraud another person." WYO. STAT. ANN. § 6–3–603(a)(i). The corresponding provision, § 6–3–602(a), provides that a person is guilty of forgery if, with intent to defraud, he:

(i) Alters any writing of another without authority;

(ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(iii) Utters any writing which he knows to be forged in a manner specified in paragraphs (i) or (ii) of this subsection.

WYO. STAT. ANN. § 6–3–602(a). Martinez–Valdez directs the court's attention to the language criminalizing the production of "any writing" that purports "to have been executed at a time or place or in a numbered sequence other than was in fact the case." WYO. STAT. ANN. § 6–3–602(a)(ii). This conduct, he contends, falls outside the generic definition of forgery, since the utterance of a *genuine* document would be illegal under the statute.[1]

---

1. Martinez–Valdez does not argue, nor could he, that the Wyoming statute criminalizing *possession* of forged documents fails the "re-

lating to" prong of the definition of aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(R) (de-

To quote the relevant statutory language, however, is to reject Martinez–Valdez's argument. Section 6–3–602(a) contains, on its face, an element of falsity: it applies to documents purporting "to have been executed at a time or place or in a numbered sequence *other than was in fact the case.*" WYO. STAT. ANN. § 6–3–602(a)(ii) (emphasis added). The Wyoming Supreme Court has confirmed this common-sense reading of the statute, explaining that "[f]orgery requires . . . a false making or alteration of some instrument in writing." *Dixon v. Williams,* 584 P.2d 1078, 1080 (Wyo.1978); *see also Hamburg v. State,* 820 P.2d 523, 526 (Wyo.1991) ("forgery" concerns false or materially altered documents).

In addition, the Model Penal Code—which Martinez–Valdez acknowledges to be "instructive" on the generic definition of forgery—employs language identical to this portion of the Wyoming statute. *See* MODEL PENAL CODE § 224.1(1) (defining forgery to include the production of "any writing" that "purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case"). The Wyoming statute thus fits within the bounds of the contemporary, generic meaning of forgery.

But even if the Wyoming statute could be plausibly read as Martinez–Valdez suggests, the Supreme Court has clarified that, to prevail, a defendant must show a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas–Alvarez,* 549 U.S. 183, 193, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007).

fining "aggravated felony" to include any "offense relating to . . . forgery . . . for which the term of imprisonment is at least one year"). Other courts have held that a statute prohibiting the knowing possession of a

Martinez–Valdez does not cite a single Wyoming case in which a defendant was convicted under Wyoming's forgery statute for uttering a genuine document, nor does he argue that the Wyoming statute was so applied in his own case. In fact, the conduct underlying his forgery conviction was possession of a non-authentic permanent resident card, which rests at the heartland of an "offense relating to . . . forgery." Consequently, the district court did not err in concluding that Martinez–Valdez's Wyoming conviction was an aggravated felony and in assessing the eight-level enhancement pursuant to § 2L1.2(b)(1)(C).

AFFIRMED.

forged instrument with intent to defraud constitutes an offense "relating to" forgery. *United States v. Chavarria–Brito,* 526 F.3d 1184, 1186 (8th Cir.2008); *Richards v. Ashcroft,* 400 F.3d 125, 129–30 (2d Cir.2005).