# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20251

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN FLORES VILLAFANA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-0676-1

Before DAVIS, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Juan Flores Villafana pled guilty without a plea agreement to illegal reentry into the United States following deportation. Pursuant to § 2L1.2(b)(1)(C) of the United States Sentencing Guidelines, the district court assessed an eight-level enhancement to Villafana's base offense level due to Villafana's having returned following an aggravated felony conviction—a 2003 guilty plea conviction in Texas for forgery of a commercial instrument. Villafana acknowledged at sentencing that his conviction involved the use of a false social security card in order to work. Villafana did not object to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20251

enhancement at sentencing, but instead sought a downward variance on the basis that his offense level "overstated the seriousness of his prior conviction." Now, Villafana argues that the Texas statute under which he was convicted for possession of a forged instrument[1] does not constitute an "aggravated felony" because his offense of conviction is broader than common law forgery. For the reasons stated below, we affirm.

The government contends that Villafana has waived appellate review of the district court's enhancement of his sentence, and that, at the very least, his appeal is subject to plain error review. We need not address this issue because, for reasons that follow, we find no error, plain or otherwise.

Under the Sentencing Guidelines, a defendant convicted of illegal reentry into the United States is subject to an eight-level sentencing enhancement if he was previously removed after committing an "aggravated felony."[2] The term "aggravated felony" includes any "offense . . . relating to . . . forgery . . . for which the term of imprisonment is at least one year."[3] Because the Guidelines do not further define "forgery" we apply a "common sense approach," and define the enumerated crime by its "generic contemporary meaning."[4] One source this court has recognized for the generic contemporary meaning of an enumerated offense is the Model Penal Code.[5]

---

[1] TEX. PENAL CODE § 32.21.

[2] U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(C).

[3] 8 U.S.C. § 1101(a)(43)(R).

[4] *United States v. Martinez-Valdez*, 419 F.App'x 523, 524 (5th Cir. 2011) (citing *United States v. Torres-Diaz*, 438 F.3d 529, 536 (5th Cir. 2006)).

[5] *Martinez-Valdez*, 419 F.App'x at 524. *See also Torres-Diaz*, 438 F.3d at 536 (looking to Model Penal Code as the primary source of generic contemporary meaning of "aggravated assault" when the Sentencing Guidelines did not provide a definition).

No. 13-20251

Courts employ a "categorical approach" to determine whether the state offense is comparable to an offense listed in 8 U.S.C. § 1101(a)(43).[6] "Under this approach [courts] look 'not to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' definition of a corresponding aggravated felony."[7] "If the statute at issue is divisible, and at least one of the offenses included in the statute is not an aggravated felony [and another section constitutes an aggravated felony], the court is to apply a 'modified categorical approach.'"[8] Under the modified categorical approach, we are permitted to conduct a limited inquiry into the charging documents to determine which statutory variant of the crime was committed.[9] We can therefore review the charging document, written plea agreement, and state court judgment to determine whether the district court correctly determined that Villafana's prior conviction for misdemeanor forgery qualified as an aggravated felony for purposes of a sentence enhancement.[10]

Villafana agreed to plead guilty to misdemeanor forgery after the state initially charged him with the felony of Tampering with a Governmental Record. To identify this reduced charge, the state prosecutor made several

---

[6] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (citing *Nijhawan v. Holder*, 129 S.Ct. 2294 (2009); *Gonzales v. Duenas–Alvarez,* 127 S.Ct. 815 (2007)).

[7] *Moncrieffe*, 133 S. Ct. at 1684 (quoting *Duenas-Alvarez*, 549 U.S. at 186).

[8] *United States v. Ramirez*, 731 F.3d 351, 354 (5th Cir. 2013) (citing *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006)).

[9] *Ramirez*, 731 F.3d at 754 (citing *Larin-Ulloa*, 462 F.3d at 464).

[10] *Shepard v. United States*, 544 U.S. 13, 16, 26 (2005); *United States v. Esparza-Perez*, 681 F.3d 228, 230 (5th Cir. 2012). We note that, although classified as a misdemeanor under Texas law, Villafana's prior conviction can still constitute an aggravated felony for purposes of § 1101(a)(43). *See United States v. Urias-Escobar*, 281 F.3d 165, 167 (5th Cir. 2002).

No. 13-20251

handwritten changes to the initial Felony Bill of Information. Prior to the changes, the Bill of Information stated, in relevant part:

> . . . [O]n or about April 18, 2003, [Villafana] did then and there unlawfully, with intent that it be used unlawfully, POSSESS A GOVERNMENTAL RECORD, namely a CERTIFICATE, TO WIT, A SOCIAL SECURITY CARD AND WITH THE INTENT TO DEFRAUD AND HARM ANOTHER.

Pursuant to the agreement between Villafana and the state, the prosecutor struck through certain portions of the Bill of Information so that it stated:

> . . . [O]n or about April 18, 2003, [Villafana] did then and there unlawfully, with intent that it be used unlawfully, POSSESS A~~GOVERNMENTAL~~ RECORD, ~~namely a CERTIFICATE, TO WIT, A SOCIAL SECURITY CARD AND~~ WITH THE INTENT TO DEFRAUD AND HARM ANOTHER.

The prosecutor also added a notation to the end of the document that the "State moves to reduce to the class 'A' misdemeanor of forgery." The Judgment states that Villafana was convicted of "forgery—comm instrument," a class A misdemeanor under § 32.21 of the Texas Penal Code, and sentenced to one year in prison.[11]

Viewing the Information and Judgment together, it is clear that Villafana was convicted under subparts (a)(1)(C) and (b) of § 32.21 for (1) possession a forged writing, (2) with intent to utter it, (3) in order to defraud or harm another.[12] We are charged to determine whether these elements fit

---

[11] *See* TEX. PENAL CODE § 32.21.

[12] The text of § 32.21 provides, in relevant part:

> (a) For purposes of this section:
>     (1) "Forge" means:
>         (A) to alter, make, complete, execute, or authenticate any writing so that it purports:
>             (i) to be the act of another who did not authorize that act;
>             (ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

No. 13-20251

within the generic meaning of forgery,[13] or fall under § 1101(a)(43)(R)'s definition of an offense "relating to" forgery.[14]

Under the Model Penal Code,

A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(a) alters any writing of another without his authority; or

(b) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize the that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(c) utters any writing which he knows to be forged in a manner specified in paragraphs (a) or (b).[15]

---

(iii) to be a copy of an original when no such original existed;

(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A); or

*(C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B).*

(2) "Writing" includes:

(A) printing or any other method of recording information;

(B) money, coins, tokens, stamps, seals, credit cards, badges, and trademarks; and

(C) symbols of value, right, privilege, or identification.

*(b) A person commits an offense if he forges a writing with intent to defraud or harm another.*

(c) Except as provided in Subsections (d) and (e) an offense under this section is a Class A misdemeanor.

(emphasis added).

[13] *See Ramirez*, 731 F.3d at 354.

[14] *See* 8 U.S.C. § 1101(a)(43)(R).

[15] MODEL PENAL CODE § 224.1(1).

5

No. 13-20251

Villafana's forgery conviction was based on his possession of a forged instrument. The Model Penal Code's definition of forgery does not include possessory offenses, but rather requires an affirmative act of making or altering a writing. Therefore, the elements of Villafana's conviction do not match the generic definition of forgery contained in the Model Penal Code and previously endorsed by this court.[16]

But, our inquiry does not end here. The state court records clearly establish that Villafana was charged and convicted of a crime *relating to* the Model Penal Code's definition of forgery. Possession of an altered document with intent to defraud and harm another is clearly related to the generic crime of forgery. Therefore, under the plain language of § 1101(a)(43)(R), Villafana's prior conviction qualifies as an "aggravated felony." We stated as much in an unpublished decision,[17] and other circuits considering this question have held that possession of a forged instrument with intent to negotiate it or otherwise cause harm relates to forgery.[18] Thus, the district court committed no error,

---

[16] *See Martinez-Valdez*, 419 F.App'x at 525. *See also United States v. Ramirez*, 557 F.3d 200, 205 (2009) ("'Our primary source for the generic contemporary meaning of aggravated assault is the Model Penal Code."(quoting *Torres-Diaz*, 438 F.3d at 536)).

[17] *See Martinez-Valdez*, 419 F.App'x at 514 n.1 (observing that defendant did not argue, nor could he, that the Wyoming statute criminalizing possession of forged documents failed the "relating to" prong of the definition of aggravated felony set forth in § 1101(a)(43)(R)).

[18] *See, e.g., United States v. Martinez-Gonzalez*, 663 F.3d 1305, 1308 (11th Cir. 2011) ("We hold that the violation of a state law proscribing the possession of a forged document with the intent to defraud is a crime related to forgery under § 1101(a)(43)(R)."); *United States v. Chavarria-Brito*, 526 F.3d 1184, 1186 (8th Cir. 2008) ("convictions for the possession of a false document with the intent to perpetrate a fraud" constitutes an aggravated felony under § 2L1.2(b)(1)(C) of the Sentencing Guidelines); *Richards v. Ashcroft*, 400 F.3d 125, 129–30 (2d Cir. 2005) ("Even if possession of a forged instrument with intent to defraud, deceive or injure is not 'forgery' as defined at common law, it is unarguably an offense 'relating to forgery' within the broad construction we have given that term." (citations omitted)).

plain or otherwise, in assessing the eight-level enhancement for Villafana's prior conviction for an "aggravated felony."[19]

AFFIRMED.

---

[19] Villafana also argues that his forgery conviction was void and could not be used to enhance his sentence because the state trial court lacked jurisdiction over the misdemeanor offense. This court has held that, "absent an allegation that the defendant was denied counsel in the prior proceeding, a district court sentencing a defendant may not entertain a collateral attack on a prior conviction used to enhance the sentence unless such an attack is otherwise recognized by law." *United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010). Accordingly, Villafana is barred from challenging the validity of his 2003 forgery conviction, and we reject this argument.